Norma FISHER, Plaintiff-Appellee,

v.

MT. MANSFIELD COMPANY, Inc.,
Defendant-Appellant.

No. 61, Docket 26234.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1960.

Decided Oct. 27, 1960.

534

---

James McNamara, of McNamara & Larrow, Burlington, Vt., for defendant-appellant.

James T. Haugh, of Ryan, Smith & Carbine, Rutland, Vt., for plaintiff-appellee.

Before CLARK, MAGRUDER and FRIENDLY, Circuit Judges.

PER CURIAM.

We see no reason for disturbing the verdict and judgment for plaintiff for injuries sustained while riding on defendant's ski lift on Mount Mansfield, Stowe, Vermont. The jury was justified in finding negligence on defendant's part in the failure of its attendant to assist her in her attempts to open the gate to get out. The court's charge requiring the highest degree of care for plaintiff's safety by defendant as a common carrier was required by Vermont law if the defendant was to be regarded as such carrier; on the meager authority available in that state, as well as in reason, the judge's ruling to that effect was justified. Perhaps the court might have stressed somewhat more that the care required must still be that "commensurate with the circumstances" calling for its exercise. See Ploesser v. Burlington Rapid Transit Co., 121 Vt. 133, 149 A.2d 728, 731. Nevertheless its earlier general charge on negligence and its references to "the circumstances surrounding" plaintiff's accident could hardly have been misunderstood and were adequate, particularly in the absence of any request by defendant's counsel for further explanation.

Affirmed.