MT. MANSFIELD COMPANY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1438–67.    Filed August 29, 1968.

*Peter J. Malloy, Jr.*, for the petitioner.
*Rufus E. Stetson, Jr.*, for the respondent.

IRWIN, *Judge:* Respondent determined deficiencies in petitioner's income tax of $3,675.89 for the taxable year ending October 31, 1962, and $15,095.33 for the taxable year ending October 31, 1963.

Since the parties have settled the issue relating to petitioner's deduction for depreciation and since petitioner did not assign error in its petition or at trial to the other deductions disallowed by the respondent, the sole issue remaining for decision is whether or not petitioner's ski slopes and trails qualify as "section 38 property."[1]

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference.

Mt. Mansfield Co., Inc. (hereinafter "petitioner"), is a Vermont corporation with its principal office at Stowe, Vt. Petitioner's primary business is the operation of skiing facilities in the Stowe area, including lifts, trails, and slopes. Petitioner filed its Federal income tax returns for the taxable years at issue with the district director of internal revenue for the district of Vermont.

The existence and operation of petitioner's lifts, slopes, and trails generate significant employment and income for the entire Stowe area. Petitioner's operation attracts about 320,000 visitors in an average

---

[1] All statutory references herein are to the Internal Revenue Code of 1954.

winter season, and to service them petitioner directly employs 350 to 400 people during the winter. There are approximately 90 motels, hotels and lodges in the Stowe area, employing about 750 additional people in the winter, which exist primarily to service visitors to petitioner's skiing operation.

Petitioner's area is set in heavily wooded, steep terrain. In order to cut suitable slopes and trails, and to erect lifts for carrying passengers uphill, petitioner expended and continues to expend large amounts of money for removing timber and other natural obstacles and for grading.

During the years at issue, petitioner expended a total of $172,648.37 on capital investments in slopes and trails for which it claimed a 7-percent investment credit on its corporate income tax returns for these years. These credits, which totaled $12,085.38, were disallowed by the respondent.

### ULTIMATE FINDING OF FACT

Petitioner was in the business of operating skiing facilities and was not in the transportation business.

### OPINION

Petitioner claims herein that it is entitled to a 7-percent investment credit under section 38 [2] for capital investments on its slopes and trails. Respondent contends that petitioner does not qualify for this credit because the property on which the credit is claimed does not qualify as "section 38 property." We agree with the respondent.

Section 38 property is defined by section 48(a)(1) which provides in pertinent part as follows:

SEC. 48. DEFINITIONS; SPECIAL RULES.
  (a) SECTION 38 PROPERTY—
    (1) IN GENERAL.—Except as provided in this subsection, the term "section 38 property" means—
      (A) tangible personal property, or
      (B) other tangible property (not including a building and its structural components) but only if such property—
        (i) is used as an integral part of manufacturing, production, or extraction, or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services, * * *

Petitioner contends that the ski slopes and trails, while not tangible personal property, are "other tangible property" and, therefore, qualify

---

[2] SEC. 38. INVESTMENT IN CERTAIN DEPRECIABLE PROPERTY.
  (a) GENERAL RULE.—There shall be allowed, as a credit against the tax imposed by this chapter, the amount determined under subpart B of this part.
  (b) REGULATIONS.—The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this section and subpart B.

as "section 38 property" because they were "used as an integral part of * * * furnishing transportation." While we might agree with petitioner that, viewed in its broadest sense, the slopes and trails served to transport the skiers, we do not agree that the slopes and trails were "used as an integral part of * * * furnishing transportation" within the meaning of these words in section 48(a)(1)(B)(i).

Due to the recent (1962) enactment of the investment credit provisions, there have been few judicial interpretations of section 48. That which is available is of little value in this case. Perhaps for this reason, the parties' briefs herein offer little guidance. However, section 38(b) gives the respondent broad authority to carry out the purpose of the investment credit provisions by promulgating necessary regulations, which are, therefore, entitled to great weight in interpreting the statutory definition of section 38 property. *Robert E. Catron*, 50 T.C. 306 (1968).

Pursuant to this authority respondent has promulgated section 1.48–1(d)(1),[3] Income Tax Regs., which requires, *inter alia*, that in order for property to fall within the definition of section 38 property by virtue of section 48(a)(1)(B)(i), which petitioner recognizes as the sole category under which the slopes and trails could be eligible, the property must not only be "used as an integral part of manufacturing, production, or extraction, or as an integral part of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services" but that it must also be so used "*by a person engaged in a trade or business of furnishing any such service.*" (Emphasis supplied.) Petitioner does not challenge this regulation which in fact has been upheld as valid. *Frank J. Evans*, 48 T.C. 704, 708 (1967), on appeal (C.A. 9, 1967).

We do not believe that this regulation encompasses petitioner's business. Assuming *arguendo* that petitioner furnished transportation services in his business, it does not follow that petitioner was in the business of furnishing transportation. Any such services that petitioner provided are purely incidental to its trade or business of providing recreational facilities. While we recognize that some ventures are difficult to classify as to the type of business they may constitute and that a taxpayer may engage in several different businesses, we think it equally valid to hold, as we do here, that a service which is incidental to and only a part of a taxpayer's primary business does not and should

---

[3] Sec. 1.48–1 Definition of section 38 property.

(d) *Other tangible property*—(1) *In general.* In addition to tangible personal property, any other tangible property (but not including a building and its structural components) used as an integral part of manufacturing, production, or extraction, or as an integral part of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services by a person engaged in a trade or business of furnishing any such service, or which constitutes a research or storage facility used in connection with any of the foregoing activities, may qualify as section 38 property.

not constitute a separate trade or business for purposes of this section of respondent's regulations. See *Frank J. Evans, supra* at 708–709. Petitioner has failed to carry his burden of proving otherwise.

Furthermore, it is apparent that Congress did not intend such a service to be considered a separate trade or business. This is quite clearly evident from a reading of the technical explanations to the committee reports. The phraseology of these technical explanations is quite similar to respondent's regulations but is slightly more detailed:

> Property is to be considered as being used as an integral part of a system of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services only if such property is used by one engaged in the trade or business of furnishing such services. Thus, if a manufacturing firm constructs an airstrip for use by airplanes operated for the convenience of its officers and employees, such airstrip would not qualify as section 38 property *since the manufacturing firm is not engaged in the transportation business.* [Emphasis supplied.]

H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 503, 516; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 843, 859. The technical explanations have been held to be integral parts of the committee reports. *Frederick W. Denniston,* 41 T.C. 667, 673 (1964), affirmed per curiam 343 F. 2d 312 (C.A.D.C. 1965). See also *Frank J. Evans, supra.*

This clearly indicates to us that Congress did not intend that every service performed by a firm should constitute a separate trade or business for purposes of section 48 of the Code. Although these reports do not indicate what elements must be present in order for a particular service to constitute a separate trade or business, we do not feel it necessary to decide this potentially very difficult question in this case because we find that petitioner has failed to fulfill its burden of proving *any* elements that would tend to prove that he was engaged in the business of providing transportation separate and apart from his business of providing recreational facilities. Any contention that he was not in the latter business but rather solely in the former is without merit and contrary to all the evidence in the case, albeit rather meager.

Furthermore, even if petitioner had proven that it was in the transportation business, which it has not, we still do not believe that it would qualify because we think it plain that under the Internal Revenue Code and the regulations the application of this term is limited. This approach is implicit in section 1.48–1(d)(3) of respondent's regulations:

> (3) *Transportation and communications businesses.* Examples of transportation businesses include railroads, airlines, bus companies, shipping or trucking companies, and oil pipeline companies. Examples of communications businesses include telephone or telegraph companies and radio or television broadcasting companies.

While this regulation does not state the criteria used to determine whether or not a business is a "transportation business," we think that these examples of businesses that are clearly understood to be transportation businesses indicate that not every business which in some loose sense might be considered to be a transportation business should be so considered for purposes of section 48. While we recognize the examples in the regulation are only examples and not exclusive, we feel that if the latter and broader approach was intended, then examples to that effect would have been given.

Any doubt that Congress intended this limited rather than broad approach to the definition of "transportation business" can be erased by reference to the technical explanations to the committee reports, *supra*, which at page 516 (House report) and page 859 (Senate report) state:

> The terms "manufacturing," "production," "extraction," and the businesses of furnishing "transportation," "communications," "electrical energy," "gas," "water," or "sewage disposal" services *are to be given their commonly accepted meaning.* * * * Examples of transportation businesses would be railroads and airlines. * * * [Emphasis supplied.]

Using these congressional guidelines, we think that any contention that the services performed by petitioner might be "commonly accepted" as a transportation business is without merit. The examples given in the committee reports and in respondent's regulations, while not exclusive, circumscribe and are indicative of the types of businesses that are "commonly accepted" as transportation businesses.

Petitioner also contends that it must be considered to be in the transportation business because of the decision of the Federal District Court in Vermont in *Fisher* v. *Mt. Mansfield Co.*, 18 Negl. & Comp. Cas. Ann. 3d 461, 466, affd. 283 F. 2d 533 (C.A. 2, 1960). In that case the plaintiff brought an action against the petitioner herein for injuries that she sustained as a result of the operation of petitioner's chair lift. The court, in its instructions to the jury, held the defendant, the petitioner herein, to be a "common carrier" under Vermont law in the operation of its chair lift for the purpose of determining the standard of care it must exercise toward its patrons. However, petitioner is not aided by this case since there was no holding that its operations constitute a transportation business for purposes of section 48. We have stated what the Federal law requires in this regard and we hold that petitioner does not meet these requirements.

We recognize that petitioner is making a substantial contribution to the economy of the Stowe, Vt., area and that it attracts many patrons from Canada, which would seem to serve the same purposes and objectives which Congress sought to encourage through the investment credit provisions, namely, to stimulate capital investment

and employment and to assist the United States' balance of payments. However, as respondent points out, Congress saw fit to limit its largesse in this field to certain kinds of businesses and did not include all businesses which might fulfill the general purposes for which the investment credit provisions were enacted. While we might agree that petitioner fulfills these purposes, we cannot overstep the restrictions that Congress saw fit to impose on these provisions.

Because of our holding herein that petitioner did not meet the requirements of section 48(a) (1) (B) (i), which petitioner recognizes as the sole category under which the slopes and trails could be eligible as "section 38 property," it is not necessary for us to discuss the other requirements of section 48. Nor is it necessary for us to determine whether or not petitioner has adequately fulfilled his burden of proving exactly what the property was on which he claims the investment credit. Petitioner makes numerous references to capital investments in "slopes and trails" but at no point does it spell out specifically the details of these investments.

Petitioner is not entitled to the investment credit for its investments in its slopes and trails.

To reflect the adjustments previously agreed upon by the parties,

*Decision will be entered under Rule 50.*