[No. 2038.   August 23, 1917.]
STATE NAT. BANK OF ARTESIA v. CLAYTON et al.
(JOYCE-PRUETT CO., Intervener.)

### SYLABUS BY THE COURT.

School officers are not subject to garnishment, in so far as they have in their hands public funds intended to be used for the support and benefit of the public schools; hence garnishment proceedings cannot be maintained against the custodian of such funds, to subject moneys due a contractor for erecting a school house, to the payment of a judgment due and owing by such contractor.

Appeal from District Court, Eddy County; Richardson, Judge.

Suit by the State National Bank of Artesia against Joe A. Clayton and others; Joyce-Pruett Company, intervener. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

J. B. Atkeson, of Artesia, for appellant.   H. M. Dow, of Roswell, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.   Appellant instituted this action in the court below against Joe A. Clayton, as defendant, to recover a specified sum of money evidenced by a judgment of a district court of this state.   He made W. H. Merchant in his official capacity as treasurer of Eddy county, and W. A. Poore in his official capacity as superintendent of public schools of Eddy county, garnishees.   Poore answered that he had no funds in his possession.   Merchant answered that as county treasurer he had no funds in his hands belonging to Clayton, but that a warrant had been issued upon such funds by the school board of district No. 8, and which had been approved for payment.   Joyce-Pruett Company intervened, setting up that the warrant in question had been assigned to them.   The trial court held that the funds in question were not subject to garnishment un-

der the statute and dismissed the complaint. From this judgment the appellant prosecutes this appeal, and but two questions will be considered, as they are conclusive as to appellant's right to recover.

The first is, as to whether or not the board of education is a school district within the meaning of chapter 26, Laws 1915. This chapter has to do with garnishment, and it provides: "School districts and officers thereof shall not be liable to garnishment." It does not clearly appear whether or not Hope is an incorporated town, but assuming that it is, and that the school affairs therein are managed by trustees, and the trustees are legally known as a board of education, still we think it would be school district within the meaning of the garnishment statute. It was clearly the intention of the Legislature in the enactment of this statute to exempt school officers from the process of garnishment, in so far as they had in their hands public funds intended to be used for the support and benefit of the public schools. There is really no distinction between school districts and boards of education, in so far as their functions and the object of their creation are concerned. The Legislature has deemed it advisable to make different provisions for the management of the schools within incorporated towns and cities, but we are of the opinion that the term "school district," without a clear intention to the contrary appearing, would be held applicable to the affairs within districts embracing such incorporated municipalities. This being true, the funds in the hands of the treasurer of such district, or the custodian of such funds, would not be subject to garnishment.

Appellant argues, however, that under the law the city or town treasurer was ex officio treasurer of the board of education of the Hope school district, hence Merchant, as county treasurer, was not an officer of the school district. If it be assumed that the funds belonging to the Hope school district were improperly in the hands of Merchant, as county treasurer, and that he was not an officer of the school district, this would not benefit appellant, for if such be the case, then the county treasurer was required under the law to turn the funds over to the treasurer of the board

of education, and he would not in his official capacity be indebted to the contractor for building the school house.

For the reasons stated, the judgment must be affirmed, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.