[No. 2591. April 10, 1922.]

## RIVERA et al. v. ROSENWALD

### SYLLABUS BY THE COURT

There having been no right to garnish the salary of a public officer prior to the enactment of chapter 18, Laws 1917, and chapter 113, Laws 1917, having denied the right to garnishment in cases where the debt arose out of the sale of intoxicating liquors, a demurrer to an answer, setting up the defense that the original cause of action was founded upon the sale of intoxicating liquors, should have been overruled.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by Jesus M. Rivera and another against Cecilio Rosenwald. Judgment for the defendant and against the treasurer of Guadalupe County as garnishee, and the plaintiffs appeal. Reversed and remanded, with instructions to set aside the judgment and for proceedings not inconsistent with the opinion.

F. Faircloth, of Santa Rosa, for appellants.

C. W. G. Ward and C. G. Hedgcock, both of East Las Vegas, for appellee.

Rivera et al. v. Rosenwald, 28 N. M. 88

OPINION OF THE COURT

PARKER, J.   This is an appeal by Santiago Rivera and Jesus M. Rivera from a judgment against them and the treasurer of Guadalupe county, the garnishee.

In 1920 Cecilio Rosenwald, the appellee, obtained a judgment against the appellants, Santiago Rivera and Jesus M. Rivera, and that judgment not having been paid, he instituted this action to subject, by writ of garnishment, the salary of Santiago Rivera as assessor of Guadalupe county to the payment of the judgment indebtedness. Without more than remarking that the pleadings in the case are unusual, it is sufficient to say that there was raised in the trial court the proposition of the right of the appellee to have the writ of garnishment issued.   The appellants contended that the debt or obligation of the original cause of action, wherein Rosenwald obtained a judgment against Santiago Rivera and Jesus M. Rivera, was founded upon the purchase of intoxicating liquors, and therefore the writ of garnishment would not lie under the provisions of chapter 113, Laws 1917.   The appellee .countered with the proposition that the objection was immaterial, because he had the right to the writ when the original indebtedness was incurred, nothwithstanding that the debt arose from the sale of intoxicating liquors, and therefore was clothed with a vested right of which he could not be deprived by the subsequent law of 1917. The question arose upon the demurrer of the appellant and the demurrer was overruled, and, the appellants electing to stand on the demurrer, judgment against appellants followed.

In this court the principal question presented is identical with that presented in the trial court, and the parties cite cases pro and con on the proposition as to a subsequent law impairing a right concerning a remedy.

It is not necessary to determine whether the law of 1917, chapter 113, does or does not impair a vested right

in the nature of a remedy, because the appellee had no vested right in the remedy of garnishment when the debt was contracted as against a public officer. The debt was contracted in 1915, or prior thereto. The law in force at that time (section 2546, Code 1915) did not authorize the garnishment of a salary of a public officer, Dow v. Irwin, 21 N. M. 576, 583, 157 Pac. 490, L. R. A. 1916E, 1153. That Code section was amended in 1915 by chapter 26, of the Session Laws of that year, but it was held that that chapter did not authorrize the salary of a public officer to be garnished. Owen v. Terrell, 22 N. M. 373, 162 Pac. 171; First National Bank v. Scott, 22 N. M. 411, 163 Pac 1084; Southwestern S. L. & B. Co. v. Awalt, 22 N. M. 607, 166 Pac 1181, L.R.A. 1917E, 117; State National Bank v. Clayton, 22 N. M. 630, 167 Pac. 20. It was not until 1917 (chapter 18, Laws 1917) that the right to garnish the salary of a public officer was granted by the Legislature. Stockard v. Hamilton, 25 N. M. 242, 180 Pac 294. But the right did not exist where the ''debt or obligation or the cause of action in the original suit or the garnishment action is founded upon the sale or purchase of intoxicating liquors.'' Section 1, chapter 113, Laws 1917.

. As the right of appellee to garnish the salary of Santiago Rivera, as a public officer, did not exist until 1917, under any circumstances, and was limited to cases other than where the debt, obligation, or original action was not founded upon the sale of intoxicating liquor, the appellee had no vested right, which could be impaired by chapter 113, Laws 1917, and therefore the trial court erred in rendering judgment against the appellants.

For the reasons stated, the judgment will be reversed and the cause remanded, with instructions to set aside the judgment and proceed not inconsistent herewith; and, it is so ordered.

RAYNOLDS, C. J., concurrs.

. DAVIS, J., did not participate.