509 P.2d 1356

Betty **GANDARA**, as personal representative of Manuel Gandara, Deceased, and Betty Gandara, Individually and as surviving spouse of the said Deceased, Plaintiff-Appellant and Cross-Appellee,

v.

John S. **WILSON**, Defendant-Appellee and Cross-Appellant.

No. 1060.

Court of Appeals of New Mexico.

April 20, 1973.

Stanley C. Sager, Menig, Sager & Curran, Albuquerque, for plaintiff-appellant and cross-appellee.

James R. Toulouse, Mary C. Walters, Albuquerque, for defendant-appellee and cross-appellant.

## OPINION

SUTIN, Judge.

This is an appeal by plaintiff from a summary judgment granted defendant in a medical malpractice case. Defendant cross-appealed for failure of the trial court to consider affidavits filed in support of his motion for summary judgment.

We affirm.

*There is no Genuine Issue of Fact Upon Which to Deny Defendant Summary Judgment.*

Plaintiff concedes that defendant made a prima facie showing of an absence of a genuine issue of fact, but she contends that she came forward and demonstrated that a genuine issue of fact did exist requiring a trial. Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972).

This case is based on a complicated pattern of medical facts which resulted in the death of Manuel Gandara.

On July 29, 1967, defendant performed gall bladder surgery on decedent in Silver City. On July 30, 1967, at 7:00 a. m., decedent was discovered in a state of shock by an associate doctor. Decedent was "blood-out"—looking cadaverous, with no blood pressure. Up to this time, defendant had not been informed of any deteriorating condition. At 7:30 a. m., defendant arrived at the hospital and found that decedent's blood loss was being replaced. Defendant then took decedent back into surgery and repaired a bleeding artery, and returned decedent to his room.

Up to this point, plaintiff does not claim medical malpractice. It is following the second surgical procedure that plaintiff contends the negligence occurred.

Plaintiff contends that defendant was negligent in diagnosis because he failed to make any tests to discover the uremia and kidney failure before Gandara was referred to El Paso for postoperative care, and this negligence was the proximate cause of Gandara's death, or his additional suffering prior to death.

Two problems confront plaintiff.

(1) *Document of "Informal Proceedings Inadmissible."*

Plaintiff seeks the use of a document entitled, "Informal Proceedings with Reference to Patient Manuel G. Gandara, Involving Dr. E. S. Crossett and Dr. Sterling Martin." These proceedings occurred at Providence Hospital, El Paso, Texas, on April 25, 1971. At an informal session, defendant's attorney questioned Drs. Martin and Crossett of El Paso, Texas, in most part, about postoperative procedures after the patient's admission into the hospital. A Dr. Wilson participated in some minor respect. Plaintiff's attorney participated in some small part.

The document does not disclose that the witnesses were duly sworn, nor that they read the document. They did not sign it, nor did they waive signature. There was no stipulation that the document could be used as evidence in the summary judgment proceedings, or in this court. Under these circumstances, the document does not fall within the category necessary to show whether there is a genuine issue as to any

material fact. Section 21–1–1(56)(c) and (e), N.M.S.A.1953 (Repl.Vol. 4); Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968); Smith v. Klebanoff, 84 N.M. 50, 499 P.2d 368 (Ct.App.1972).

### (2) *No Genuine Issue of Fact Established by Plaintiff.*

■ Plaintiff did not come forward and demonstrate that a genuine issue of fact exists by expert testimony that defendant "departed from the recognized standards of medical practice in the community, or must have neglected to do something required by those standards." Without this issue of fact, a physician or surgeon cannot be held liable for malpractice. Cervantes v. Forbis, 73 N.M. 445, 448, 389 P. 2d 210 (1964). This is settled law in this state. Crouch v. Most, 78 N.M. 406, 432 P.2d 250 (1967); Smith v. Klebanoff, supra; Mascarenas v. Gonzales, 83 N.M. 749, 497 P.2d 751 (Ct.App.1972); Sanders v. Smith, 83 N.M. 706, 496 P.2d 1102 (Ct. App.1972); Williams v. Vandenhoven, 82 N.M. 352, 482 P.2d 55 (1971).

Plaintiff conceded that defendant made a prima facie showing that there was no genuine issue of fact. This is an admission that defendant met his burden; that defendant established he did not depart from the recognized standards of medical practice in Silver City, New Mexico, and that he did not neglect to do something required by those standards.

■ Plaintiff established by expert testimony that the failure to make tests was a departure from the standard of care required of a Diplomate of the American Board of Surgery, and that defendant was a Diplomate. The expert who testified was a resident of El Paso, Texas.

Does this opinion meet the test in *Cervantes?* A review of New Mexico opinions and U.J.I., leads us to repeat the admonition of Justice Frankfurter in his dissent in United States v. Rabinowitz, 339 U.S. 56, 72, 70 S.Ct. 430, 438, 94 L.Ed. 653 (1950):

Of course on this field of law, as in others, opinions sometimes use language not with fastidious precision.

In Los Alamos Medical Center v. Coe, 58 N.M. 686, 275 P.2d 175 (1954), an Albuquerque physician testified in a Los Alamos County malpractice suit. The court said [p. 692, 275 P.2d p. 179]:

The mere fact that he may have had no particular experience in the *immediate vicinity* of Los Alamos in the use of morphine, does not render his testimony inadmissible. *The standard of care and skill required of physicians in administering morphine unquestionably is the same.* [Emphasis added]

Uniform Jury Instructions were adopted and approved by the Supreme Court. Under the doctrine of malpractice, Chapter 8, no instruction appears in the language of *Cervantes.* Departure from recognized standards of medical practice in the community, as a condition of liability for malpractice was not mentioned. *Cervantes* was not relied upon. Under U.J.I. 8.1, Duty of Doctor, the doctor was placed under a duty to exercise skill and care, " * * * giving due consideration to the locality involved. A failure to do so would be a form of negligence that is called malpractice."

■ If the language in *Cervantes* were not quoted in later decisions, we would be inclined to indicate that *Cervantes* had been *overruled.* It has not been overruled, and we have no authority to do so. Alexander v. Delgado, 84 N.M. 717, 507 P.2d 778 (1973). In order to clarify the doctrine of medical malpractice in New Mexico, the Supreme Court should review *Cervantes* in the light of U.J.I. 8.1.

■ We must hold the plaintiff failed to come forward with " * * * testimony of a medical expert who is qualified to express an opinion concerning the specific standard of care that prevails in the jurisdiction." Annot. 37 A.L.R.3d 420, 423. 61 Am.Jur.2d, Physicians, Surgeons, and other

**164**

Healers, § 116. 70 C.J.S. Physicians and Surgeons § 43 (Supp.1972), where *Cervantes* is the only New Mexico case cited.

In Davis v. Virginian R. Co., 361 U.S. 354, 357, 358, 80 S.Ct. 387, 389, 4 L.Ed.2d 366 (1960), the court said:

> Proof of malpractice, in effect, requires two evidentiary steps: evidence as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of plaintiff. [A physician testified the treatment was not proper.] This offer of proof was fatally deficient. No foundation was laid as to the recognized medical standard for the treatment of such a fracture.

A review of authorities cited supra, show:

> This rule, which is commonly referred to as the "strict locality rule," is a view of long standing that has been increasingly modified and liberalized in modern times. [37 A.L.R.3d 420, 426].

In light of Alexander v. Delgado, supra, we must decline the invitation to modernize the rule in *Cervantes*.

Affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.