This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CHRIS LUTTRELL and**
**DAWN DAVIDE LUTTRELL,**

     Plaintiffs-Appellants,

v.                         **NO. A-1-CA-35047**

**ROSALES LAW GROUP, P.C.,**

     Defendant-Appellee,

and

**AMERICAN NATIONAL PROPERTY**
**AND CASUALTY COMPANY,**

     Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall, II
Phillip Patrick Baca
Albuquerque, NM

for Appellants

APNLAW, LLC
Amelia P. Nelson

Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     This case comes to us on appeal from the district court's order dismissing Plaintiffs Chris and Dawn Luttrell's action for damages and specific performance against Defendant Rosales Law Group, P.C. For the reasons that follow, we hold that the district court erred in granting Defendant's motion, and we reverse and remand for further proceedings. Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

**BACKGROUND**

{2}     Plaintiffs' pickup truck was stolen on March 6, 2015. At the time the pickup was stolen, Plaintiffs were insured by American National Property and Casualty Company (Insurer) against vehicle theft. Plaintiffs filed an insurance claim for the theft of their pickup with Insurer on March 6, 2015.

{3}     On April 21, 2015, Plaintiffs received notification in writing that their "claim file has been reassigned for further investigation." Defendant was under contract to conduct claims investigations for Insurer, but may have had additional duties and

responsibilities. On May 14, 2015, and as part of Insurer's claims process, Defendant, by and through one of its attorneys, David Ray Rosales, sent Plaintiffs a letter requesting that Plaintiffs produce numerous financial, business, and tax records, as well as submit to examinations under oath (EUOs). On June 26, 2014, Plaintiffs requested in writing that Insurer and Defendant promptly provide them with an explanation as to why their claim had not been paid. Plaintiffs submitted to EUOs taken by attorney Rosales.

{4}     At the EUO of Chris Luttrell, attorney Rosales stated that:

> to be clear, this is not a deposition. It is not intended to be, by design, an adversarial process. You are here under contract, and it is an inquiry made by your carrier that ultimately should serve to benefit both parties; namely, the insurance company and yourself. I'm the face of the insurance company. You have an obligation under the contract to substantiate [your] claim, and that's what it is.

{5}     As of July16, 2015, the record indicates that Insurer had not (1) recognized or denied any insurance coverage for Plaintiffs' claim; or (2) paid or made any offer to pay the claim. Neither does the record indicate that Insurer had initiated adversarial proceedings against Plaintiffs in relation to their claim. As a result, seeking damages and an order requiring Insurer to determine whether their claim would be indemnified, Plaintiffs filed suit against Insurer and Defendant, alleging six counts pertaining to the handling of their claim: (1) breach of fiduciary duty; (2) breach of the covenant of good faith and fair dealing; (3) breach of contract; (4) violation of the Trade Practices

3

and Fraud Article of the Insurance Code; (5) violation of the Unfair Practices Act; and (6) constructive fraud.

**{6}** Defendant responded by filing a motion to dismiss Plaintiffs' action under Rule 1-012(B)(6) NMRA. Defendant argued that Plaintiffs' action arose from a "calculated misuse of the legal process to frustrate and interfere with the rights and obligations between Plaintiffs and [Insurer under their insurance contract], as well as to obstruct [Insurer]'s due process right to competent counsel." Specifically, Defendant contended that Plaintiffs' action should be dismissed because based on the attorney-client status of Insurer and Defendant's relationship, Defendant owed no fiduciary duties to Insurer's adversary—Plaintiffs—and that as an attorney, David Ray Rosales was not subject to liability to Plaintiffs under the Insurance Code or the Unfair Practices Act, and that Plaintiffs' lawsuit violated public policy by interfering with Insurer's right to counsel.

**{7}** In support of its motion, Defendant attached a demand letter dated July 22, 2015, from counsel for Defendant to Plaintiffs, in which counsel requested that Plaintiffs seek dismissal of their lawsuit against Insurer and Defendant, otherwise Defendant would file a motion to dismiss and seek statutory attorney's fees. The letter further stated that Defendant could not be liable in Plaintiffs' lawsuit since attorney Rosales was functioning as Insurer's legal counsel during its work in the handling of

4

Plaintiffs' claim. Defendant also attached the affidavit of attorney Rosales, in which attorney Rosales stated that he and Defendant had been retained by Insurer to represent Insurer as counsel with regard to Plaintiffs' insurance claim. "My role in representing [Insurer,]" attorney Rosales continued, "was undertaken strictly in my capacity as attorney for [Insurer] and not as an investigator, adjuster, or claim representative. As counsel, I reported to the adjuster assigned to" Plaintiffs' claim. Defendant also stated in its motion that Insurer had retained Defendant as counsel to conduct Insurer's investigation into Plaintiffs' insurance claim, to take the EUOs of Plaintiffs, and to provide Insurer with legal advice.

{8} Recognizing that Defendant's attachment of materials outside the pleadings turned its motion to dismiss into a motion for summary judgment, Plaintiffs argued that a dispute as to material issues of fact in the case existed, including as to whether Defendant was or was not acting as counsel for Insurer in an adversarial proceeding during the course of Insurer's handling of Plaintiffs' claim. *See* Rule 1-012(B) ("If, on a motion asserting the defense [under Rule 1-012(B)(6)] to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 1-056 NMRA[.]"). Specifically, Plaintiffs contended that this dispute of material fact stemmed from the

inconsistency between: (1) attorney Rosales' statements to Plaintiff Chris Luttrell during the taking of his EUO, that attorney Rosales served as the "face" of Insurer in its handling of Plaintiffs' claim, and that the EUO was "not intended to be, by design, an adversarial process"; (2) attorney Rosales' May 14, 2015 letter to Plaintiffs stating that "my office has been retained to assist with gathering information for their evaluation of your insurance claim"; and (3) attorney Rosales' affidavit stating that he and Defendant had been retained by Insurer "to represent [Insurer] with regard to [Plaintiffs'] insurance claim" and that his representation "was undertaken strictly in [his] capacity as attorney for [Insurer] and not as an investigator, adjuster, or claim representative."

{9}     Plaintiffs also argued that under the facts alleged in their complaint, Defendant: (1) was not performing legal work assisting in the handling of Plaintiffs' insurance claim; (2) was not acting as defense counsel for Insurer in an adversarial proceeding; and (3) as a result, that Defendant could be held liable for the claims alleged in Plaintiffs' complaint.

{10}     Without a hearing and without substantive findings of fact and conclusions of law, the district court granted Defendant's motion. Plaintiffs appeal.

**DISCUSSION**

{11}     Plaintiffs frame the critical issue in this appeal as follows:

6

[Defendant argued below] that it was immune from suit because [attorney] Rosales allegedly represented [Insurer] as an attorney, and allegedly did not work as a claim investigator.

But these allegations were conclusively contradicted by . . . Defendant['s] previous admissions that [Defendant] was working exclusively as a claim investigator. In fact, nowhere in the record below is there any evidence that [Defendant] actually performed any legal work for [Insurer]. And more significantly, [Defendant] was not sued for performing legal work; instead, [Defendant] was only sued for conducting an abusive claim investigation.

Thus, this appeal focuses on whether [Defendant] should be protected from civil liability merely because it belongs to 'a special class or group[.]'

(alteration omitted). In support of their position that the record demonstrated that Defendant was retained merely as a third-party claim investigator or adjuster to handle their insurance claim—and not as attorneys retained by a client as counsel in an adversarial proceeding entitled to protection from liability in a civil suit—Plaintiffs, in pertinent part, rely upon: *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69; *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 1988-NMSC-014, 106 N.M. 757, 750 P.2d 118; *Dellaira v. Farmers Ins. Exch.*, 2004-NMCA-132, 136 N.M. 552, 102 P.3d 111; and *O'Neel v. USAA Ins. Co.*, 2002-NMCA-028, 131 N.M. 630, 41 P.3d 356.

{12}     Defendant responds that attorney Rosales was acting as legal counsel for Insurer during the investigation into Plaintiffs' insurance claim, and not as an

7

insurance adjuster. And "New Mexico legal authority is clear that an attorney has no duty to protect the interests of a non-client, adverse party for the obvious reasons that the adverse party is not the intended beneficiary of the attorney's services and that the attorney's undivided loyalty belongs to the client."

{13} We agree that the arguments and authority cited by the parties raise a potentially critical question in determining whether Defendant, while investigating a pre-litigation insurance claim at the request of the Insurer, may be liable to Plaintiffs under the claims alleged in their complaint. We reject, however, the district court's conclusion that Defendant was entitled to judgment as a matter of law in its favor, warranting dismissal of Plaintiffs' complaint. Rather, we conclude that the pleadings and record below raised a genuine issue of material fact as to the nature of the services Defendant provided to Insurer related to the handling of Plaintiffs' claim, foreclosing dismissal of Plaintiffs' complaint.

**I.      Standard of Review**

{14} This court reviews motions to dismiss "for failure to state a claim under Rule-1-012(B)(6) de novo." *Tunis v. Country Club Estates Homeowners Ass'n*, 2014-NMCA-025, ¶ 16, 318 P.3d 713 (internal quotation marks and citation omitted). However, as stated above, "where matters outside the pleadings are considered on a motion to dismiss for failure to state a claim, the motion becomes one for summary judgment."

*Id.* ¶ 17 (alterations, internal quotation marks, and citation omitted). Rule 1-056(C) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment "is not used to decide an issue of fact, but, rather, to determine whether one exists." *Pharmaseal Labs., Inc. v. Goffe*, 1977-NMSC-071, ¶ 27, 90 N.M. 753, 568 P.2d 589. ("A motion for summary judgment is not to be used as a substitute for a trial on the merits."). *Id.* "[W]here a conflict arises in statements made by a witness in an affidavit and deposition on a material fact [to the plaintiff's claim], summary judgment is improper." *Griego v. Grieco*, 1977-NMCA-018, ¶ 39, 90 N.M. 174, 561 P.2d 36.

**II.    Analysis**

{15}    In *Garcia*, our Supreme Court held that "in accordance with established law . . . an attorney cannot be held liable on a cause of action in negligence to his client's adversary." 1988-NMSC-014, ¶ 15; *see id.* ¶¶ 11-14 (determining that attorney-defendants' conduct in representing a client in a prior lawsuit against the plaintiffs in a later case did not give rise to a duty of care owed by attorney-defendants to the plaintiffs, the breach of which could form an action for professional negligence against the attorney-defendants). This principle was reaffirmed in *Hovet*, where our

Supreme Court held that "defense attorneys may not be named as party-defendants in claims brought under the unfair claims practices section. In New Mexico, defense attorneys do not owe opposing parties any common-law duty of care. The same is true with respect to any statutory duties under the Insurance Code. The private right of action under the Insurance Code is limited by statute to violations by insurance companies and their agents; attorneys are not included." 2004-NMSC-010, ¶ 27; *see* NMSA 1978, § 59A-16-30 (1990); *Durham v. Guest*, 2007-NMCA-144, ¶ 36, 142 N.M. 817, 171 P.3d 756 (same), *rev'd on other grounds,* 2009-NMSC-007, 145 N.M. 694, 204 P.3d 19.

{16}     Consistent with *Garcia*, in *Dellaira*, this Court addressed "whether the bad faith dealing rule applies between an insured and an entity that handles the insurance function of claim determination, a function inherent in the insurance transaction." 2004-NMCA-132, ¶¶ 10, 12-14. We held that it did, recognizing with approval that a non-attorney third-party "entity owe[s] a duty of good faith and fair dealing to the insured, even where no privity of contract existed between the two, [where] the entity ha[s] primary control over benefit determinations, assume[s] some of the insurance risk of loss, undert[akes] many of the obligations and risks of an insurer, and had the power, motive, and opportunity to act unscrupulously in the investigation and servicing of insurance claims." *Id.* ¶ 12 (internal quotation marks and citation

10

omitted); *see also O'Neel*, 2002-NMCA-028, ¶¶ 10-11 (holding that claim of bad faith in failing to pay an insurance claim cause of action between insured and insurer could be premised upon evidence that in its investigation into the insured's claim, insurer "intentionally and maliciously misrepresented the policy, coverages, and duties of the insured[,]" the scope of the insurer's "examination process ignored the terms of the policy[,]" the insurer "engaged in an inquisition-style examination and documentation process without justification or support[,]" and that the insurer's claim that the insured "failed to cooperate was inconsistent with the record").

{17}     Under these principles, the availability of a private action under the Insurance Code, unfair claims practices section, or for a breach of fiduciary duty against an attorney retained by an insurer to assist in the handling of an insured's claim, turns on whether the attorney was acting as counsel in an adversary proceeding against the insured or rather as a third-party claim investigator or adjuster. Here, attorney Rosales claimed in his statements to Plaintiff Chris Luttrell during the taking of his EUO, that he served as the "face" of Insurer in its investigation into Plaintiffs' claim and that the EUO was "not intended to be, by design, an adversarial process[.]" That Defendant was merely the "face[,]" or stated another way, the agent of Insurer in an ordinary claims investigation was also indicated in attorney Rosales' May 14, 2015 letter to Plaintiffs stating that "my office has been retained to assist with gathering information

11

for their evaluation of your insurance claim." However, attorney Rosales contradicted these statements in his affidavit attached to Defendant's motion to dismiss, where he stated that he and Defendant had been retained by Insurer "to represent it with regard to [Plaintiffs'] insurance claim" and that his representation "was undertaken strictly in [his] capacity as attorney for [Insurer] and not as an investigator, adjuster, or claim representative." Moreover, in the July 22, 2015 demand letter sent from counsel for Defendant to Plaintiffs, counsel wrote that Defendant could not be liable in Plaintiffs' lawsuit since attorney Rosales was functioning as Insurer's legal counsel during Defendant's work in the handling of Plaintiffs' claim.

{18}     Therefore, based on the pleadings and record before us, we conclude that because there is a possibility that whether Defendant was retained as legal counsel to represent Insurer in adversarial proceedings against Plaintiffs in regard to the handling of Plaintiffs' insurance claim or instead as a third-party claim investigator or adjuster was relevant to the ultimate disposition of the case, a material issue of fact in the case forecloses dismissal of Plaintiffs' complaint under Rule 1-056(C). *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 45, 140 N.M. 111, 140 P.3d 532 (recognizing that "if there is any possibility that disputed facts might be relevant to the ultimate disposition of a case, a court should be exceedingly cautious in dismissing the case before discovery has occurred"); *Rodriguez v. State*, 1974-NMCA-083, ¶¶ 1,

4, 86 N.M. 535, 525 P.2d 895 (holding that in the plaintiffs' personal injury claim against the State Highway Department for applying dangerously slick coating on the surface of Highway 54 causing the plaintiffs' automobile accident, where statements of a witness in his affidavit and deposition conflicted on the crucial question of where the plaintiffs' accident occurred, summary judgment was inappropriate). Accordingly, we conclude that the district court erred in dismissing Plaintiffs' complaint.

**CONCLUSION**

{19}     For the reasons stated, we reverse the district court order and remand to the district court for further proceedings.

{20}     **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**STEPHEN G. FRENCH, Judge**

13