ALICE KING, as Administratrix, etc., of JOSEPH KING, Deceased, Appellant, v. COAST HOLDING CO., INC., Respondent.— In an action to recover damages for the death of plaintiff's intestate, who sustained a fracture of the cervical vertebra as the result of diving into the shallow end of a bathing pool, judgment in favor of the defendant, dismissing the complaint at the close of plaintiff's case, unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.

SIDNEY KOHN, Respondent, v. NEW WAY AUTO PAINTING CORP., Appellant.— Action for personal injuries caused by plaintiff's being struck by the contents of a pail of burning naphtha thrown upon him by an employee of the defendant while he was a business visitor of the defendant. Judgment for the plaintiff unanimously affirmed, with costs. The evidence disclosed that the alleged emergency arose as a consequence of defendant's own negligence. Under such circumstances, exculpation is not available to the defendant under the claim that the act complained of was due to an error of judgment during an emergency. (*Van Ingen* v. *Jewish Hospital*, 182 App. Div. 10, 14.) Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

ANIELA KWIATKOWSKI, as Executrix, etc., of STANISLAUS KWIATKOWSKI, Deceased, Respondent, v. JOHN LOWRY, INC., Appellant.—Action for negligently causing death of plaintiff's testator. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Lazansky, P. J., Carswell, Davis and Johnston, JJ., concur; Hagarty, J., concurs on authority of *Kwiatkowski* v. *Lowry, Inc.* (248 App. Div. 459), adhering, however, to his view, expressed in that case, that the oral and written statements made by the testator between the time of the accident and his death were admissible. [See *post*, p. 889.]

GERTRUDE MAHON, as Administratrix, etc., of WILLIAM MAHON, Deceased, Respondent, v. BROOKLYN BUS CORPORATION, Appellant.— In an action in negligence based on a collision between the defendant's bus and a passenger automobile in which plaintiff's intestate was riding, order granting plaintiff's motion to set aside the verdict in favor of defendant, and granting a new trial, reversed on the law, with costs, motion denied, without costs, verdict reinstated, and judgment directed to be entered thereon, with costs. In our opinion, the verdict clearly represents the proper conclusion indicated by the evidence; and while the charge of the court was in terms of general legal principles rather than specific references to the contentions of the parties, no substantial rights were adversely affected and justice does not require a new trial. Carswell, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., not voting.

MOSES MANDELBAUM, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Judgment in favor of defendant in a personal injury action reversed on the law and a new trial granted, with costs to appellant to abide the event, for error appearing at folios 203 and 204 of the record. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.