JOSEPH KIRSCH, Respondent, v. VITO GIGLIO, Appellant.— Action to reform a lease. Judgment reversed on the law and the facts, with costs, and judgment directed in favor of defendant dismissing the complaint, with costs. The markings or changes on the agreement negative the idea of mutual mistake. When they were made the presently alleged mistake could have and would have been corrected if the minds of the parties had met in a manner different from the language of the agreement. There was no mutual mistake. The documentary proof sustains this view. Inconsistent findings of fact and conclusions of law are reversed and new findings and conclusions will be made. Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., dissents and votes to affirm, with the following memorandum: The Special Term believed the witnesses for plaintiff, corroborated by a witness for defendant, and its determination should not be disturbed. It could have found that the change made in the second paragraph of the 27th provision of the lease by striking out the word " registered " before the word " mail " bore no such relationship to the preceding paragraph, as to the intended content of which the controversy arose, as to require the attention of a reasonably careful mind to be directed to the fact that there had been an omission. Settle order on notice.

BENJAMIN LEVY, as Administrator, etc., of DANIEL J. LEVY, Deceased, Respondent, v. CASCADES OPERATING CORPORATION, Appellant.— In an action to recover damages resulting from the death of plaintiff's intestate, a youth sixteen years of age, who slid head first down a chute or slide at defendant's swimming pool and struck his head against the bottom of the pool, judgment in favor of plaintiff reversed on the law and the facts, with costs, and complaint dismised on the law, with costs. The danger involved in such use of the slide was an obvious one, equally as apparent to the decedent as to the operator of the pool. We hold that decedent assumed the risk, and that a requirement of immediate supervision to prevent such use of the slide would be unreasonable in the circumstances. (Murphy v. Steeplechase Amusement Co., 250 N. Y. 479; Curcio v. City of New York, 275 id. 20; King v. Coast Holding Co., Inc., 251 App. Div. 850.) Carswell, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., dissents and votes to affirm, with the following memorandum: There were questions of fact for determination by the jury: (1) Did decedent know, or in the exercise of due care should he have known, that it was dangerous to slide head first into the pool where it was three feet deep? (2) In the exercise of reasonable care, was it the duty of defendant to warn its patrons of the danger of sliding head first into the pool at the place stated and, if so, did it fail in that duty? The jury has by its verdict determined these questions favorably to plaintiff and its determination should not be disturbed. [176 Misc. 373.]