Jacques Isserles, Appellant, v. Gil-Ed Corporation, Respondent.—

Plaintiff testified that after he fell, due to a rut in the path, the towrope continued to move upward for a "minute or two" before it caught in his equipment and dragged him along for some distance. A question of fact was at least presented whether the towrope operator was negligent in failing to stop the rope sooner. Moreover, because a new trial is required it should be noted that it was error to exclude expert testimony concerning the custom and practice of other ski-tow operators in guarding against accidents of this kind (*Berman* v. *H. J. Enterprises*, 13 A D 2d 199, 201–202; *Levy* v. *Cascades Operating Corp.*, 176 Misc. 373, 379–380, revd. on other grounds 263 App. Div. 882, revd. on other grounds 289 N. Y. 714; Richardson, Evidence [8th ed.], § 192). Concur — Botein, P. J., Breitel, McNally and Eager, JJ.; Stevens, J., dissents in the following memorandum: I dissent and vote to affirm on the grounds that there is no proof of negligence

on the part of the defendant or any showing of a breach of duty which caused or contributed to the accident.