503 P.2d 1034 (1972)
Janice K. JORDAN, Plaintiff-Appellant,
v.
LOVELAND SKIING CORPORATION, a Colorado corporation, Defendant-Appellee.
No. 71-470.
Colorado Court of Appeals, Div. II.
December 12, 1972.
Bruno & Bruno, Frank A. Bruno, Louis B. Bruno, Denver, for plaintiff-appellant.
Sheldon, Bayer, McLean & Glasman, Richard C. McLean, Denver, for defendant-appellee.
Not Selected for Official Publication.
DWYER, Judge.
Plaintiff, Janice K. Jordan, brought this action to recover damages for personal injuries she sustained in a fall from a ski lift operated by defendant, Loveland Skiing Corporation. The case was tried to a jury which returned a verdict for the defendant. Plaintiff appeals the judgment entered on the verdict. We affirm.
The ski lift on which plaintiff was injured consists of moving overhead cables suspended from towers. Passenger chairs suspended from the cables are transported up the side of the mountain. There is an exit station, or ramp, at the upper end of the lift where passengers disembark. The cables with chairs attached travel beyond the exit station, around what is called a "bull wheel," and down the other side of the lift. The lift is powered by motors located at the bottom of the slope and is controlled by two operators, one stationed at the bottom and one at the top of the lift. The operator at the top is stationed in a *1035 position where he can observe the skiers unloading. He can stop the lift by throwing a switch or can slow it by direct communication with the lower operator.
On March 6, 1970, plaintiff rode up the lift as a paying passenger. Her clothing became entangled in the chair, and she was unable to get off the lift at the top of the run. She was carried past the unloading ramp, and, while she was being carried around the bull wheel, she fell to the ground.
Plaintiff's allegation that defendant's negligence was the proximate cause of her injuries is based upon two theories: (1) that her clothing became entangled in an unguarded and unsafe "S" hook which held the seat cushion onto the chair; and, (2) that the operator of the lift failed to keep a proper lookout for her safety as she approached the unloading area and failed to discover her peril and stop the machine.
At the trial, plaintiff testified that she caught her sweater on an "S" hook. She called witnesses who testified that the lift operator failed, through inattention, to observe her predicament and to stop the lift.
The defendant disputed plaintiff's claims that her clothing was caught on an "S" hook and that the operator was inattentive. Defendant also offered evidence that the lift could not be stopped suddenly and that when a skier failed to disembark it was standard procedure to bring the skier around the bull wheel to the downhill loading ramp which is opposite the lift house.
At the close of all the evidence, the court ruled that the issue of defendant's negligence and the question of proximate cause should be submitted to the jury. The court withdrew the issues of contributory negligence and assumption of risk.
Plaintiff contends that she was entitled to a directed verdict on the issue of defendant's negligence. The evidence concerning the factual issue upon which defendant's negligence rested is in conflict and is susceptible to differing inferences. It has been repeatedly held that it is only in the clearest of cases, where the facts are not only undisputed but reasonable minds could draw but one inference from them, that the issues of negligence and proximate cause are to be taken from the jury and decided as a matter of law by the court. E. g., Kirk v. Himes, 170 Colo. 378, 461 P.2d 444; Gomez v. Miller, 170 Colo. 106, 459 P.2d 126; Buchanan v. Brandt, 168 Colo. 138, 450 P.2d 324; Carsell v. Edwards, 165 Colo. 335, 439 P.2d 33; and Lasnetske v. Parres, 148 Colo. 71, 365 P.2d 250. The issues of defendant's negligence and the proximate cause of plaintiff's injuries were properly submitted to the jury.
Plaintiff contends that the doctrine of res ipsa loquitur should have been applied to the facts presented and that the trial court erred in failing to instruct the jury on the doctrine. The applicability of the doctrine of res ipsa loquitur is a matter to be resolved by the trial court as a matter of law. Weiss v. Axler, 137 Colo. 544, 328 P.2d 88. In order for res ipsa loquitur to apply, our Supreme Court, in Hook v. Lakeside Park Co., 142 Colo. 277, 351 P.2d 261, stated that it must appear: (1) that the instrumentality is under the exclusive control of the defendant; (2) that the accident is of a kind which ordinarily does not occur in the absence of the defendant's negligence; and, (3) that it must not have been due to any voluntary act or contribution on the part of the plaintiff. Applying these standards to the present facts, it is clear that the first requirement of the rule is satisfied but that the other two are not. The mechanism was under the control of the defendant. However, the accident is not of a kind which bespeaks negligence but is one which could occur in the absence of negligence on the part of the defendant. Further, the accident could have been caused by some act or contribution on the part of the plaintiff. The acts of an injured party which contribute to an accident may prevent the application of res ipsa loquitur even where, as here, such acts do not constitute contributory negligence.
The court's refusal to instruct on res ipsa loquitur was also proper because *1036 the plaintiff, having presented evidence which raised a submissible issue of negligence for the jury, could not rely upon the doctrine. The application of the doctrine creates a presumption of negligence. But, where a prima facie case of negligence is proven without the aid of any presumption, no presumption or inference can be indulged, and the doctrine of res ipsa loquitur has no application. Brighton v. De Gregorio, 136 Colo. 1, 314 P.2d 276; Denver Dry Goods Co. v. Pender, 128 Colo. 281, 262 P.2d 257.
Plaintiff also contends that the trial court erroneously refused to give her tendered instruction concerning the duty that the operator of business premises owes to an invitee. In its first instruction, the statement of the case, the court told the jury that plaintiff's status as an invitee at defendant's ski lift was not disputed. The court also instructed the jury that it is the duty of the owner or operator of a ski lift to exercise the highest degree of care commensurate with the practical operation of such device for the safety of any invitee using the device. These instructions, considered together, adequately covered the issue of defendant's duty to plaintiff.
It should be noted that counsel for defendant, in their arguments before this court, have asserted that the court's instructions improperly imposed upon defendant as a ski lift operator the duty to exercise the highest degree of care when their duty is one of reasonable care. This question need not be considered because the jury's verdict, which we affirm, resolved the issues in favor of defendant.
The plaintiff also argues that the trial court erred in refusing to submit to the jury other instructions she tendered. Plaintiff tendered an instruction stating that there is a duty upon a ski lift operator to maintain a proper lookout and an instruction stating that to look in such a manner as to fail to see what must have been plainly visible is to look without a reasonable degree of care. These instructions are based on Colorado Jury Instructions 11:1 and 9:10, respectively.
The duties of the upper ski lift operator, including his duty to observe the unloading operation, were clearly established in the evidence at the trial. In this state of the record, it was unnecessary for the court to instruct the jury specifically on the operator's duty.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.