525 P.2d 895

Letica **RODRIGUEZ** and Elvia Rodriguez, By their father and next friend, Jesus Rodriguez; Jesus Rodriguez, Individually, and Ophelia Rodriguez, Individually, Teresa Medrano and Carolina Medrano, By their father and next friend, Jesus Medrano, Plaintiffs-Appellants,

v.

**STATE** of New Mexico and New Mexico Highway Department, W. S. Hatch Company, Inc., a corporation, Trumbull Asphalt Company, a corporation, and Michael Burris, d/b/a As-Tec Products, Defendants-Appellees.

**No. 1302.**

Court of Appeals of New Mexico.

Aug. 7, 1974.

John T. Porter, Robert L. Love, Williams, Johnson, Houston, Reagan & Porter, Hobbs, for plaintiffs-appellants.

William W. Bivins, Bivins & Weinbrenner, P. A., Las Cruces, for appellee Trumbull Asphalt.

Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for appellee State of New Mexico and New Mexico State Highway Dept.

Matkins & Martin, Carlsbad, for appellee W. S. Hatch Co.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for Michael Burris, d/b/a As-Tec Products.

## OPINION

HENDLEY, Judge.

Plaintiffs claim defendants applied a dangerously slick coating of Gilsonite road surface preservative to U.S. Highway 54, south of Alamogordo, causing the automobile accident for which they now seek damages. In an amended motion for summary judgment defendants claimed no Gilsonite was applied to the section of the road where the accident occurred. See § 21–1–

1(56), N.M.S.A.1953 (Repl.Vol.1970). That motion was granted as to all claims and parties. Plaintiffs appeal. We reverse.

A finding that Gilsonite was applied to the highway at the point where the accident occurred is essential to finding any of the defendants liable. Defendants made a prima facie showing that no genuine issue existed as to this pivotal fact by introducing the affidavit of Robert D. Wootton, which stated:

"Based upon my own personal knowledge and examination of the scene of the accident I can state that no Gilsonite had been applied [at the scene of the accident] . . . on U.S. 54 . . . ."

See Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972).

Plaintiffs attempt to show a genuine issue of fact on this question by presenting various portions of a deposition of the same Robert D. Wootton, taken for a prior case, but admissible in the instant case by stipulation of the parties. The relevant portions state:

"A. . . . But I was the only one [shooting Gilsonite] in Alamogordo.

". . .

"A. I done that [U.S. 54] all the way to Newman.

"Q. That's down to the New Mexico-Texas line, then?

"A. That's down to the border, yes.

"Q. And that then covers the entire road?

"A. The whole road, yes.

"Q. Both lanes?

"A. Both lanes.

". . .

"Q. And if in fact it developes from this testimony that all of U.S. 54, south of Alamogordo to the Texas line, was not shot with gilsonite, you would defer to them as far as the exact sections are concerned?

"A. As far as I know, it was shot with gilsabind, yes.

". . .

"Q. The reference of your map will show it's about sixty miles of highway from Alamogordo south to the Texas line.

"A. Uh-huh.

"Q. It is your recollection you shot all that highway, both sides?

"A. Yes sir."

These two statements, from the affidavit and deposition, conflict on the crucial question of whether Gilsonite was applied to the road where the accident occurred. Where the testimony of a single witness conflicts on a material fact summary judgment is improper; the question is for the jury. Kelly v. Montoya, 81 N. M. 591, 470 P.2d 563 (Ct.App.1970); see Creley v. Western Constructors, Inc., 79 N.M. 727, 449 P.2d 329 (1969).

Defendants counter this conclusion in two ways. First, they contend the plaintiffs took the deposition statement on which they relied, out of context. They say those statements were only generalizations and cite the same depositions where Wootton seems to admit that only portions of the road where "shot." The most relevant excerpt states:

"Q. Now, there were sections where you didn't shoot all of a particular stretch of highway isn't that true? Right, sir?

"A. Yes, sir."

It is not clear that Wootton was talking about U.S. 54 at this time. Even assuming he was, this statement raises only a contrary inference to be drawn from the testimony. In ruling on a motion for summary judgment the court must construe all reasonable inferences in favor of the party opposing the motion. Montoya v. City of Albuquerque, 82 N.M. 90, 476 P.2d 60 (1970). When Wootton said he shot "the whole road" it is reasonable to infer that he meant what he said.

Second, defendants contend that it is useless to go to trial since Wootton is

going to testify according to his affidavit and distinguish his deposition testimony. See Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952). Even assuming he will so testify he is an employee of one of the defendants and can be considered an interested witness. See 6 Moore's Federal Practice, para. 56.15[4] at 2372 (2d ed. 1974). The jury may choose to believe that his prior statement, made before this case arose, was accurate and his subsequent affidavit colored by employee loyalty. See Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1964).

The judgment is reversed and the case remanded for trial.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.