738 P.2d 129

**Karl KNAPP, Plaintiff-Appellant,**

v.

**FRATERNAL ORDER OF EAGLES,**
**Defendant-Appellee.**

**No. 9042.**

Court of Appeals of New Mexico.

April 28, 1987.

**12**

Ray Tabet, Albuquerque, for plaintiff-appellant.

Cynthia A. Fry, William P. Gralow, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellee.

## OPINION

APODACA, Judge.

Plaintiff appeals from the trial court's order granting summary judgment to defendant. Plaintiff's complaint sought damages for personal injuries sustained as the result of a fall from a ladder on defendant's premises. We reverse.

Plaintiff raises two issues on appeal:

(1) Whether there were genuine issues of material fact precluding the trial court from granting summary judgment; and

(2) Whether the trial court was precluded from granting summary judgment prior to the conclusion of discovery proceedings by plaintiff.

Because of our disposition with respect to Issue (1), we do not reach discussion of Issue (2).

Plaintiff, a member of defendant's organization, went to defendant's premises to visit an employee. While there, he was asked by Howard Mills (Mills), president of defendant, to assist in making certain repairs. Plaintiff agreed and followed Mills to the side of the building, where an aluminum extension ladder was already in place against an evaporative cooler unit (the cooler) attached to the side of the building. Mills asked plaintiff to climb the ladder to remove the motor from the cooler. Plaintiff climbed up the ladder while Mills held it. As plaintiff disconnected the motor, Mills remained on the ground, readying a replacement motor. Several minutes after handing the new motor to plaintiff, Mills left the site without informing plaintiff. As plaintiff tightened the last few bolts on the motor mount, he testified by deposition that "the next thing [he] remember[ed], [he] felt the ladder give for a second and that's when [he] fell." It was plaintiff's impression that the cooler did not give, but that it was the bottom of the ladder that slid on the ground. Plaintiff was alone when he fell.

In their respective briefs, both parties addressed the timeliness of certain affidavits submitted by plaintiff to counter summary judgment. We need not decide this preliminary question, for we deem it unnecessary to consider the affidavits to dispose of this appeal.

For some reason unknown to this court, both parties, in the trial court as well as on appeal, strictly focused their respective arguments on whether the ladder had been shown to be defective. We read plaintiff's complaint to state essentially a claim based on negligence. True, a liberal reading of our procedural rules may permit plaintiff to recover under a strict liability theory based on some defect in the ladder used. However, this court has approached its analysis by focusing not on what might have been inherently wrong with the *ladder* itself, but on the manner of its *use*. Under this perspective of plaintiff's claim, plaintiff was not required to show any defect in the ladder. There, we believe, lies the flaw in defendant's contentions on appeal.

Let us first summarize the principles governing this court's review of the issue presented. Summary judgment is a drastic measure not generally favored and is to be used only with extreme caution. *Thompson v. Fahey*, 94 N.M. 35, 607 P.2d 122 (1980). The evidence on appeal must be viewed in the light most favorable to support the right to a trial on the merits. *Montoya v. City of Albuquerque*, 82 N.M.

90, 476 P.2d 60 (1970); *Holliday v. Talk of the Town Inc.*, 98 N.M. 354, 648 P.2d 812 (Ct.App.1982). All reasonable inferences are to be made in favor of the party opposing the motion for summary judgment. *Montoya v. City of Albuquerque.* Summary judgment is not intended as a substitute for trial. *Jemez Properties, Inc. v. Lucero*, 94 N.M. 181, 608 P.2d 157 (Ct.App. 1979).

■ Additionally, because most of the relevant facts in this appeal are undisputed, we must bear in mind that in summary judgment proceedings, it matters not that the basic facts are undisputed, for even then, if conflicting inferences can be drawn from these undisputed facts, summary judgment is improper. *Fischer v. Mascarenas*, 93 N.M. 199, 598 P.2d 1159 (1979). Finally, where the affidavits or depositions used in support of, or to counter a summary judgment motion give rise to conflicting inferences, summary judgment should not be granted. *See Rodriguez v. State*, 86 N.M. 535, 525 P.2d 895 (Ct.App.1974).

■ The burden was on defendant to show an absence of a genuine issue of fact, or that it was entitled as a matter of law to a summary judgment in its favor. *See Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). If that showing had been made, the burden would then have shifted to plaintiff to show the existence of a genuine issue of fact requiring a trial. *See id.* However, until a party has made a prima facie showing that it is entitled to summary judgment, the nonmoving party is not required to make any showing with respect to factual issues. *Steadman v. Turner*, 84 N.M. 738, 507 P.2d 799 (Ct.App.1973). We hold that since defendant did not demonstrate it did not breach a duty owed plaintiff as a matter of law, it did not make a prima facie showing of entitlement to summary judgment. *Cf. Roscoe v. U.S. Life & Title Ins. Co.*, 734 P.2d 1272 (N.M.1987).

■ Defendant argues that since plaintiff was a business invitee, the only duty defendant owed to him was to exercise reasonable care to protect him from a dangerous condition on the premises that defendant knew or should have known. Al-

though this is true where injury is caused by a condition on the land, *see Restatement (Second) of Torts* § 343 (1965), there is also a duty for defendant to conduct activities in a reasonable manner. *See Restatement (Second) of Torts* § 341A (1965). In addition, every person has a duty to exercise ordinary care for the safety of others, SCRA 1986, UJI 13–1604. Whether or not defendant breached those duties is a question of the reasonableness of its conduct, and thus a fact question. *See Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986) (summary judgment improper where reasonable minds could disagree as to whether defendant was negligent); *Read v. Western Farm Bureau Mut. Ins. Co.*, 90 N.M. 369, 563 P.2d 1162 (Ct.App.1977) (genuine issues of fact existed as to whether conduct was that of a reasonable person); *Cortez v. Martinez*, 79 N.M. 506, 445 P.2d 383 (1968) (citing 6 *Moore's Federal Practice* § 56.17(42), for the proposition that issues of negligence are ordinarily not susceptible to summary adjudication), *overruled on other grounds, McGeehan v. Bunch*, 88 N.M. 308, 540 P.2d 238 (1975); *Restatement (Second) of Torts* § 328A, comment d (1965) (whether defendant has conformed to required standard of conduct entirely a question of fact).

The following questions provide examples of defendant's conduct that raise contradictory inferences whether its conduct conformed to the required standard of care: (1) Was the ladder placed against the cooler in such a manner as to create a risk of injury or a dangerous condition (was the incline too steep or too short)? (2) Should the ladder have been secured or fastened by defendant? (3) Should Mills have continued holding the ladder while plaintiff worked on the cooler? (4) Should defendant have foreseen that the ladder might slip? There may be others and presumably they will surface at trial. The above examples are listed as illustrative only and in no way does this court intend to narrow nor expand the factual issues that may be deemed pertinent by the trial court at trial. We leave this determination to that court's province.

14

The fact finder may consider one or several of the above more important than the others. It is not this court's function to single out any one of them as most important. However, No. (3) (Should Mills have continued holding the ladder while plaintiff worked on the cooler?) exemplifies the contradictory inferences in the record. In this connection, we refer the parties and the trial court to *Restatement (Second) of Torts* §§ 323 & 324 (1965), which they may find applicable in the event this case proceeds to trial.

We are mindful that in its answer, defendant alleges plaintiff was negligent. To what extent plaintiff himself may have been responsible for the accident and his resulting injuries is also a proper matter for the trier of fact.

Defendant seeks support in *O'Neil v. Furr's, Inc.,* 82 N.M. 793, 487 P.2d 495 (Ct.App.1971) and in *Williams v. Herrera,* 83 N.M. 680, 496 P.2d 740 (Ct.App.1972). Both cases are distinguishable.

In *O'Neil*, this court held that in order to find a proprietor negligent toward a business invitee, it is essential that the evidence or reasonable inferences from the evidence establish a dangerous condition that either is known or should have been known to the proprietor. Defendant argues that here, there is no evidence it knew or should have known there was anything wrong with the ladder. We have already responded above to this assertion, but it bears repeating— plaintiff's claim does not necessarily focus on an allegedly defective ladder, but on its use. What defendant knew or should have known about the ladder is not controlling. Instead, plaintiff's claim relies on what defendant did or did not do in making use of the ladder. Finally, in *O'Neil*, the plaintiff, who had slipped on some peas in defendant's grocery store, did not offer any evidence to show how the peas had gotten there or that defendant even knew about them. Such is not the nature of this appeal.

In *Williams*, plaintiff, a business invitee, was doing repair work on the exterior of defendant's house. Plaintiff requested a ladder from defendant for plaintiff's own personal use in making the necessary repairs. This court held that the lending of the ladder did not impose upon defendant a duty to inspect the ladder to discover whether it was fit for the use for which it was supplied. In *Williams*, plaintiff was using the ladder for his own benefit, not the benefit of the provider. Secondly, the plaintiff there himself set the ladder in place before climbing it. Here, the ladder had already been set in place, presumably by defendant, but certainly not by plaintiff. Lastly, but of importance nevertheless, the gist of plaintiff's claim in *Williams* was that the ladder was defective (one of the rungs had broken). Here, it was not a defective ladder that caused plaintiff's injuries, but the slipping of the ladder. This latter distinction, alone, is paramount.

In conclusion, we hold that there were conflicting inferences to be drawn from the facts, and thus the trial court improperly granted summary judgment to defendant. Accordingly, we reverse the order granting summary judgment.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.