774 P.2d 447

**Jean L. WOOD, Plaintiff–Appellant,**

**v.**

**ANGEL FIRE SKI CORPORATION,
Defendant–Appellee.**

**No. 10427.**

Court of Appeals of New Mexico.

March 16, 1989.

Robert P. McNeill and Carmody & Associates, P.A., Albuquerque, for plaintiff-appellant.

Joe L. McClaugherty and Kemp, Smith, Duncan & Hammond, P.C., Santa Fe, for defendant-appellee.

## OPINION

DONNELLY, Judge.

Plaintiff appeals from an order granting summary judgment and dismissing her personal injury action against Angel Fire Ski Corporation (Angel Fire), and two of its unnamed employees. The central issue raised on appeal is whether the trial court erred in determining that the Ski Safety Act, NMSA 1978, Sections 24–15–1 to –14 (Repl.1986), authorized the dismissal of ·plaintiff's complaint. We affirm in part and reverse in part.

On February 8, 1982, plaintiff attended a beginner's ski instruction class taught by an instructor employed by Angel Fire. After finishing the class, plaintiff rode the chair lift to the top of the mountain. Plaintiff's affidavit in opposition to summary judgment stated that when she alighted from the chair lift she was unable to move out of the way of oncoming chairs and other skiers behind her because her skis were crossed. Plaintiff's affidavit also recited that the ski lift operator observed her situation, but rather than stopping the chair lift, he shouted to her to get out of the way. Plaintiff alleged that she attempted to move but fell and severely injured her left knee.

As a result of plaintiff's injury she alleged that she underwent three successive knee operations and extensive physical therapy. Plaintiff sought damages for loss of income, inhibited physical mobility, and pain and suffering.

Angel Fire filed a motion for summary judgment supported by plaintiff's deposi-

tion and answers to interrogatories. Plaintiff filed an affidavit in opposition to the motion for summary judgment. Following submission of briefs by the parties the district court granted the motion dismissing plaintiff's complaint.

## I. *OPERATION OF SKI LIFT*

Plaintiff argues that the district court erred as a matter of law in interpreting the Ski Safety Act and determining that the act did not impose a duty upon Angel Fire to operate its ski lift non-negligently, as distinguished from operating its lift in a safe condition.

Angel Fire's motion for summary judgment was argued on three separate grounds: (1) that because of plaintiff's admissions in her deposition that she had violated certain duties imposed upon "passengers" by Section 24–15–9(D), it was entitled to summary judgment as a matter of law; (2) that since the ski lift itself was not the cause of plaintiff's accident, Angel Fire did not violate any statutory duty to plaintiff under Section 24–15–7; and (3) that plaintiff was barred from any recovery herein because of her failure to give notice of the claimed accident as required by Section 24–15–10(C).

The district court's order granting summary judgment recited in part:

Under the Ski Safety Act, a ski lift is a device operated by a ski area operator used to transport passengers by, among other things, a chair lift, NMSA 1978, sec. 24–15–3A. The duty of a ski area operator is to operate, repair and maintain the ski lift "in safe condition," NMSA 1978, sec. 24–15–8. There is no allegation by plaintiff, nor is there any evidence, that the ski or chair lift used by plaintiff was other than in safe condition.

The Ski Safety Act does not impose a duty upon a ski area operator to operate a ski lift non-negligently, as distinguished from in safe condition. To the contrary, the Ski Safety Act makes it the duty of a passenger, NMSA 1978, sec. 24–15–3B, to know how to use a ski lift and to conduct herself carefully in so doing, NMSA 1978, sec. 24–15–9.

From a review of the evidence in this case, there is no issue of fact as to a violation by ... Angel Fire ... of its duty with respect to ski lifts under NMSA 1978, sec. 24–15–8, and there is neither issue nor allegation that the ski operator has violated any duty imposed upon it under NMSA 1978, sec. 24–15–7.

The Ski Safety Act adopted by the legislature in 1969 limited in part the tort liability of ski operators for the operation of a ski lift and imposed affirmative duties upon passengers utilizing the lift. Section 24–15–7 details the duties of ski area operators with respect to skiing areas and Section 24–15–8 defines the duties of operators with respect to ski lifts, making it the duty of an operator to "operate, repair and maintain all ski lifts in safe condition." Correspondingly, Section 24–15–9 sets forth the duties of passengers of ski lifts, and Section 24–15–10 describes the duties of skiers at a ski area. Section 24–15–11 specifically refers to the liability of ski area operators and provides in part:

Any ski area operator shall be liable for loss or damages caused by the failure to follow the duties set forth in Sections 24–15–7 and 24–15–8 ... where the violation of duty is causally related to the loss or damage suffered, and shall continue to be subject to liability in accordance with common-law principles of vicarious liability for the willful or negligent actions of its principals, agents or employees which cause injury to a passenger, skier or other person. The ski area operator shall not be liable to any passenger or skier acting in violation of his duties as set forth in Sections 24–15–9 and 24–15–10 ... where the violation of duty is causally related to the loss or damage suffered.

In the absence of legislation restricting or limiting the liability of a ski lift operator, courts in several jurisdictions have held a ski lift operator must exercise the highest degree of care commensurate with the practical operation of the lift. *See Hunt v. Sun Valley Co.*, 561 F.2d 744 (9th Cir. 1977); *Summit County Dev. Corp. v. Bagnoli*, 166 Colo. 27, 441 P.2d 658 (1968);

*Jordan v. Loveland Skiing Corp.*, 503 P.2d 1034 (Colo.App.1972); *see also Fisher v. Mt. Mansfield Co.*, 283 F.2d 533 (2d Cir. 1960) (determining ski lift to constitute a common carrier); Annotation, *Liability for Injury or Death from Ski Lift, Ski Tow, or Similar Device*, 95 A.L.R.3d 203 (1979).

A number of states, including New Mexico have adopted ski safety acts, which limit in part, the liability of ski lift operators. As observed in Comment, *Utah's Inherent Risks of Skiing Act: Avalanche from Capitol Hill*, 1980 Utah L.Rev. 355, at least seventeen states, including New Mexico, have adopted legislation enumerating the responsibility of both ski operators and skiers at ski facilities. A common ingredient of most state ski safety acts is a declaration of legislative intent that ski operators shall not be liable to skiers for dangers that are "inherent" in skiing generally and insofar as such dangers are obvious and necessary. *See* § 24–15–10(B).

Plaintiff asserts that the district court erred in determining that she was barred from any recovery by virtue of her alleged violation of the provisions of Section 24–15–9. Plaintiff concedes that she was not fully skilled in the safe use of the ski lift, but asserts that she had enrolled and participated in a beginner's ski instruction class and had requested instruction on the proper use the ski lift but did not receive adequate instruction.

Section 24–15–9(D), specifically delineates the responsibility of persons using a ski lift, and provides:

Every passenger shall have the duty to conduct himself carefully and not to:

. . . .

D. use any ski lift unless the passenger has the ability to use it safely without any instruction on its use by the ski area operator or requests and receives instruction before boarding the ski lift. . . .

Section 24–15–10 also provides in part:

A. It is recognized that skiing as a recreational sport is inherently hazardous to skiers, and it is the duty of each skier to conduct himself carefully.

B. *A person who takes part in the sport of skiing accepts as a matter of law the dangers inherent in that sport insofar as they are obvious and necessary.* Each skier expressly assumes the risk of and legal responsibility for any injury to person or property which results from participation in the sport of skiing, in the skiing areas, including any injury caused by the following: . . . except for any injuries to persons or property resulting from any breach of duty imposed upon ski area operators under the provisions of Sections 24–15–7 and 24–15–8 NMSA 1978. [Emphasis supplied.]

Additionally, Section 24–15–12 provides:

Any passenger shall be liable for loss or damages resulting from violations of the duties set forth in Section 24–15–9 . . ., and shall not be able to recover from the ski area operator for any losses or damages where the violation of duty is causally related to the loss or damage suffered.

Section 24–15–13 provides that a skier shall be liable for loss or damages resulting from violations of the duties set forth in Section 24–15–10, and shall not be able to recover for any losses or damages where the violation of duty is causally related to the loss or damage suffered. Additionally, Section 24–15–14(A) specifies that:

Unless a ski area operator is in violation of the Ski Safety Act . . . with respect to the skiing area and ski lifts, and the violation is a proximate cause of the injury . . ., no action shall lie against such ski area operator. . . . This prohibition shall not prevent the bringing of an action . . . for damages arising from injuries caused by negligent operation, maintenance or repair of the ski lift.

Angel Fire contends that its common law duty toward plaintiff has been limited by the provisions of the Ski Safety Act and that plaintiff is barred from any recovery under the act for the injuries sustained by her by reason of her alleged violation of Section 24–15–9(D). The courts of other states which have enacted legislation relating to the use and operation of ski areas

have held that such acts restrict in part but not in toto, the legal liability of the ski area operator. *See Cowan v. Tyrolean Ski Area, Inc.,* 127 N.H. 397, 506 A.2d 690 (1985); *Codd v. Stevens Pass, Inc.,* 45 Wash.App. 393, 725 P.2d 1008 (1986); *see generally,* Chalat & Kroll, *The Development of the Standard of Care in Colorado Ski Cases,* 15 Colo.Law. 373 (1986); Lisman, *Ski Injury Liability,* 43 U.Colo.L. Rev. 307 (1972). Although it is clear that the Ski Safety Act and Sections 24–15–9, –12 and –14 limit the liability of ski area operators toward skiers and ski lift passengers, the trial court erred in ruling under the facts herein that Angel Fire had no duty toward plaintiff "to operate [its] ski lift non-negligently."

Angel Fire claims that the Ski Safety Act does not impose a duty of care upon it with respect to the type of accident alleged to have been suffered by plaintiff herein. The Ski Safety Act adopted by the New Mexico legislature imposes a statutory duty on a ski operator to operate, maintain, and repair a ski lift in a safe condition. *See* §§ 24–15–8, –14.

Angel Fire also asserts that because its ski lift was not physically involved in the cause of plaintiff's accident there was no violation of its duty under Section 24–15–8, and plaintiff's accident was attributable to an inherent risk in the sport of skiing. Under the facts herein, however, these contentions are unavailing.

A genuine issue of material fact existed concerning whether despite any alleged negligence attributable to the plaintiff, the ski lift operator negligently failed to stop the ski lift once he became aware that plaintiff had just disembarked from the ski lift and was unable to move and was in a position of peril. *See* § 24–15–14; *see also Sabo v. Breckenridge Lands, Inc.,* 255 F.Supp. 602 (D.Colo.1966) (ski lift operator's failure to stop lift when plaintiff was in position of danger created issue of fact as to negligence); *Isserles v. Gil–Ed Corp.,* 14 A.D.2d 956, 221 N.Y.S.2d 129 (1961) (error to dismiss plaintiff's complaint for negligence, notwithstanding verdict for plaintiff, where a question of fact existed concerning whether ski tow operator was negligent in failing to stop tow after plaintiff fell). Plaintiff's complaint, among other things, alleged that "[a]lthough the operator observed plaintiff's condition and 'it should have been clear to him that [she] was unable to exit from the unloading area of the chair lift, [the] Operator, rather than stopping the chair lift, yelled at plaintiff to move away from the unloading area.' " A passenger, as defined by the Ski Safety Act includes "any person who is lawfully using a ski lift or is waiting to embark or has recently disembarked from a ski lift and is in its immediate vicinity." § 24–15–3(B). Plaintiff's affidavit in opposition to the motion for summary judgment raised an issue of material fact concerning whether she was a "passenger" within the meaning of Section 24–15–3(B), and whether Angel Fire negligently operated its ski lift proximately causing plaintiff's injury.

Whether plaintiff was a passenger on the ski lift or violated a duty imposed under Section 24–15–9, so as to be barred from any recovery under Section 24–15–12, constituted disputed issues of fact. *Cf. Trujillo v. Treat,* 107 N.M. 58, 752 P.2d 250 (Ct.App.1988) (questions of negligence are generally questions of fact). Similarly, whether an alleged violation of the duties of a ski lift passenger delineated in Section 24–15–9 are causally related to the passenger's loss or damage is also generally an issue of fact. *Cf. Harless v. Ewing,* 80 N.M. 149, 452 P.2d 483 (Ct.App.1969) (proximate cause is an ultimate fact, usually to be drawn from the facts proved). Proximate cause becomes a question of law only when the facts regarding causation are undisputed and the reasonable inferences from the facts are plain and consistent. *LeBlanc v. Colfax Northern County Hosp.,* 100 N.M. 494, 672 P.2d 667 (Ct.App. 1983). If the evidence is sufficient to create a reasonable doubt as to the existence of a genuine issue, summary judgment cannot be granted. *Kern v. St. Joseph Hosp., Inc.,* 102 N.M. 452, 697 P.2d 135 (1985). Here, a material issue of fact existed concerning whether any alleged violation of the duties specified in Section 24–15–9 was

causally related to the loss or damage claimed by plaintiff.

Plaintiff's affidavit and deposition raised sufficient factual issues concerning whether or not Angel Fire negligently operated its lift so as to cause the injuries sustained by plaintiff. *See Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986). There was evidence that plaintiff was in the process of attempting to move from the immediate vicinity of the ski lift when, after plaintiff yelled that she could not move, the lift attendant, rather than stopping the lift, yelled at plaintiff to move. Where reasonable minds may differ on the issue of proximate cause, summary judgment is not proper. *Reynolds v. Swigert,* 102 N.M. 504, 697 P.2d 504 (Ct.App.1984). *Cf. Elliott v. Taos Ski Valley, Inc.,* 83 N.M. 575, 494 P.2d 1392 (Ct.App.1972) (evidence sufficient to create an issue of fact for fact finder where defendant's employee urged injured skier to continue skiing downhill despite skier's claim of injury). All reasonable inferences are to be made in favor of a party opposing a motion for summary judgment. *Knapp v. Fraternal Order of Eagles,* 106 N.M. 11, 738 P.2d 129 (Ct.App. 1987). Any inconsistency in plaintiff's testimony on this issue would not support summary judgment, *Rodriguez v. State,* 86 N.M. 535, 525 P.2d 895 (Ct.App.1974), and as shown by the record, plaintiff presented sufficient facts to rebut Angel Fire's claim that it was not the sole cause of plaintiff's injury.

■ Angel Fire also argues that the trial court properly granted summary judgment based on plaintiff's failure to comply with the notice requirement contained in Section 24–15–10(E) of the Ski Safety Act. Section 24–15–10(C)(3) requires a passenger who is injured while using a ski lift to report such injury to the ski operator before leaving the ski area. The Ski Safety Act precludes recovery by an injured passenger only if her violation of the act was "causally related to the loss or damage suffered." *See* §§ 24–15–12, –13. Under the record herein, the failure of plaintiff to give notice of her alleged injury was not a proper ground for summary judgment and there is no evidence that any alleged failure of plaintiff to comply with the provisions of Section 24–15–10 was causally related to the loss or damage claimed by plaintiff.

In reviewing the trial court's award of summary judgment as to plaintiff's complaint arising out of her claim concerning the negligent operation of the ski lift, we determine that plaintiff is entitled to present facts in support of this claim on the merits.

■ Plaintiff's complaint also alleged that the injuries sustained by her were causally related to the negligence of a ski instructor employed by Angel Fire who failed to properly instruct her on the correct manner and use of the ski lift. Plaintiff's brief-in-chief did not specifically address this claim on appeal. Angel Fire argues that Section 24–15–9(D), specifically directs that a skier has a duty not to "use any ski lift unless the passenger has the ability to use it safely without any instruction on its use by the ski area operator or requests and receives instruction before boarding the ski lift."

Plaintiff's affidavit in response to the motion of Angel Fire for summary judgment, recited in part that "[o]n February 8, 1982, I attended the Angel Fire Ski School at the Angel Fire Ski Corporation ... and requested but did not receive instruction as to the safe use of the chair lift." Plaintiff testified in her deposition, however, that she had been instructed concerning getting off the ski lift and that "[t]he instruction I received was exactly as I have said. You just step off and ski. And that instruction came from friends and from the ski instructor at the school." Plaintiff also admitted in her deposition that she did not in her own mind "personally [feel that she had] the ability to use the lift safely without any instruction." Plaintiff's affidavit also related that she "attempted to disembark from the chair lift ... but was unable to move out of the way of chairs and skiers behind me because my skis were crossed, preventing me from moving out of the path of oncoming skiers on the chair lift."

Plaintiff's docketing statement and brief-in-chief do not specifically address her

claim of alleged negligent instruction and the district court's award of summary judgment on this issue. Instead, plaintiff argues the district court erroneously granted summary judgment on her claim of Angel Fire's alleged negligent operation and maintenance of a ski lift. In support of its motion for summary judgment, Angel Fire made a prima facie showing of entitlement to summary judgment on plaintiff's claim of negligent instruction. Plaintiff has not specifically set forth in her docketing statement or her brief-in-chief on appeal the existence of material facts rebutting Angel Fire's prima facie showing. *Koenig v. Perez.* Thus, we affirm the district court's award of summary judgment as to plaintiff's claim of alleged negligent instruction.

We reverse the order of summary judgment as to plaintiff's claim arising from the alleged negligent operation of Angel Fire's ski lift; we affirm that portion of the order dismissing plaintiff's claims based upon a claim of alleged negligent instruction.

IT IS SO ORDERED.

CHAVEZ, J., concurs.

HARTZ, J., specially concurs with opinion.

HARTZ, Judge (specially concurring).

I withdraw my former special concurrence and substitute the following:

I agree that the summary judgment in favor of defendant must be reversed. I write separately to emphasize a few points.

First, the Ski Safety Act, NMSA 1978, Sections 24–15–1 to –14 (Repl.1986), specifically recognizes the duty upon which plaintiff bases her claim. Section 24–15–14(A) states:

Unless a ski area operator is in violation of the Ski Safety Act ... with respect to the skiing area and ski lifts, and the violation is a proximate cause of the injury complained of, no action shall lie against such ski area operator by any skier or passenger or any representative of a skier or passenger. *This prohibition shall not prevent the bringing of an action against a ski area operator for damages arising from injuries caused by negligent operation, maintenance or repair of the ski lift.* [Emphasis added.]

Therefore, absent an affirmative defense, defendant is not entitled to summary judgment if there is evidence that plaintiff suffered an accident caused by "negligent operation ... of the ski lift." Plaintiff's cause of action is independent of whether she was a "skier" or "passenger" or whether she was on a "skiing area" or using a "ski lift."

Although defendant's brief states that "the ski lift itself had absolutely nothing to do with the Plaintiff's accident," there is evidence that the operation of the lift contributed to the accident. Plaintiff testified at her deposition as follows:

Q As I understand your testimony, then, you stood up at the unload point, and as soon as you stood up, you stopped instantly right where you stood up; is that right?

A Correct.

. . . .

Q At the point where you stood up and instantly stopped, where did your chair go? Do you know what path it traveled?

A We're speaking of about a total lapse of two to three seconds, at which point the chair was behind me and the attendant yelled, "Lady, get out of the way."

. . . .

A In the sequence of events that happened, the attendant yelled at me to get out of the way. I was just ready to look down and see why I couldn't move, but his yelling at me diverted my attention and I turned to the left to see why he was yelling at me to get out of the way. And the next chair was approaching and in order to get out of the way, I threw myself to the right.

Had he not yelled, I would have quickly discovered that my skis were crossed and I would have uncrossed them and gone on my way. I believe at this point my chair had gone on around and was swinging on ahead of me empty, and the

approaching chair behind me was ready to hit me and that is why I quickly threw myself to the right to get out of the way.

Defendant's liability could not be based on the attendant's shouting a warning to plaintiff (she does not contend that she was in a safe position); but one could infer from plaintiff's testimony that, as alleged in the complaint, the attendant of the ski lift was negligent in not stopping the lift before the chair could hit her. Such negligence could have been a proximate cause of plaintiff's injury, because if she had noted that the ski lift was coming to a halt, she may not have thrown herself down and hurt herself. There may be additional evidence upon which defendant could base a successful motion for summary judgment; but such evidence was not argued on this appeal.

Second, I agree with the majority that plaintiff's failure to comply with the notice requirement of Section 24–15–10(C)(3) does not bar plaintiff's recovery, because Section 24–15–11 bars recovery when a patron violates the duties set forth in Section 24–15–10 only "where the violation of duty is causally related to the loss or damage suffered." This is a peculiar result, because there would almost never be a sanction for failure to comply with the notice requirement. Nevertheless, the result apparently was intended by the legislature. The duty of a patron to report an accident was added to the Ski Safety Act in 1979. Senate Bill 270 of that year provided for the Act to contain the following provisions:

Section 24–15–10(C):

"No person shall:

. . . .

"(3) when involved in a skiing accident, depart from the scene of the accident without leaving personal identification including name and address, and before notifying the proper authorities or obtaining assistance when that person knows that any other person involved in the accident is in need of medical or other assistance."

Section 24–15–13:

"Any skier shall be liable for loss or damages resulting from violations of the duties set forth in [Section 24–15–10], and shall not be able to recover from the ski area operator for any losses or damages where the violation of duty is causally related to the loss or damage suffered."

Section 24–15–14:

"C. Every person who claims damages from a ski area operator for injuries sustained as a result of his use of a ski lift or ski area shall notify the ski area operator within ninety days after an occurrence giving rise to the claim with a written notice stating the time, place and circumstances of the loss or injury.

"D. No suit or action for damages arising from injuries incurred as a result of the use of a ski lift or ski area shall be maintained and no court shall have jurisdiction to consider any suit or action, unless notice has been given as required by this section, or unless the ski area operator had actual notice of the occurrence. The time for giving notice does not include the time, not to exceed ninety days, during which the injured person is incapacitated from giving notice by reason of the injury."

The Senate Judiciary Committee substitute for Senate Bill 270 deleted subparagraphs C and D of Section 24–15–14, but maintained a duty to report accidents under Section 24–15–10 and did not materially change Section 24–15–13. This suggests a conscious decision to require notice but not to bar a lawsuit whenever notice is not provided. In any case, we must follow the clear language of the statute.

Third, I do not think that the summary judgment can be upheld on the basis that plaintiff failed to comply with Section 24–15–9(D), which requires a passenger not to "use any ski lift unless the passenger has the ability to use it safely without any instruction on its use by the ski area operator *or* requests and receives instruction before boarding the ski lift[.]" (Emphasis added.) Plaintiff acknowledged that she did not have the ability to use the lift safely. She testified, however, that she requested instruction regarding the ski lift from a ski area employee. Although plain-

tiff's affidavit stated that she did not receive instruction on use of the ski lift, at her deposition she testified that the instructor told her that all she needed to do to get off the lift was "just stand up and ski." In reviewing a summary judgment, we construe the evidence in the manner most favorable to the party opposing the judgment. We can reconcile plaintiff's two sworn statements by construing her affidavit as stating that the instruction she received at the ski school was not true instruction—it was totally inadequate.

Applying the statute to these facts, I would not read Section 24–15–9(D) as requiring the passenger to receive *adequate* instruction. Plaintiff complied with her duty under that provision if she requested instruction and received some, albeit faulty, instruction. Interpreting Section 24–15–9(D) to bar a patron from suing if he or she received instruction that was not adequate would impose less liability on a ski area operator if it provided inadequate instruction than if it provided proper instruction. Because the statutory language does not compel that illogical result, we should not infer such a meaning. Plaintiff's belief when she boarded the ski lift that she had not been instructed adequately on the use of the ski lift may be relevant to other potential defenses of defendant; but Section 24–15–9(D) does not bar liability on that basis.

Finally, I agree with the majority that plaintiff's briefs on appeal do not address the claim in her complaint based on negligent instruction; but the claim also was not addressed specifically in the district court's summary judgment. Perhaps the claim was abandoned in district court. The appropriate disposition would be to leave the matter to the district court in the first instance.