This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KEMPER AUTO HOME INSURANCE COMPANY,**

    Plaintiff-Appellant,

**and**                                           **NO. 30,878**

**STEPHEN BAZZAR and RENEE BAZZAR,**

    **Involuntary Plaintiffs-Appellants,**

v.

**DAVID L. HUHN d/b/a D.L. HUHN REAL ESTATE,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Theresa M. Baca, District Judge**

O'Brien & Padilla, P.C.
Richard M. Padilla
Alicia M. Santos
Albuquerque, NM

for Appellants

Roger Eaton

Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Plaintiffs appeal from an award of summary judgment. We issued a notice of proposed summary disposition, proposing to reverse. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we reverse and remand for further proceedings.

The nature of the case, the issues presented, and the essentials of our analysis have previously been described at greater length. In the briefest terms, Defendant moved for summary judgment principally on grounds that no duty could be said to exist under the circumstances presented in this case. **[RP 22-28]** However, as we observed in the notice of proposed summary disposition, the general duty of care which every person must exercise for the safety of others applies. *See generally Lerma v. State Highway Dep't*, 117 N.M. 782, 784, 877 P.2d 1085, 1087 (1994) (observing that "every person has a duty to exercise ordinary care for the safety of others" when that person chooses to act (internal quotation marks and citation omitted)); *Yount v. Johnson*, 1996-NMCA-046, ¶ 4, 121 N.M. 585, 915 P.2d 341 ("In

2

recent decades, our courts have moved forcefully towards a public policy that defines duty under a universal standard of ordinary care, a standard which holds all citizens accountable for the reasonableness of their actions . . . [t]he theme, constantly reiterated, is that every person has a duty to exercise ordinary care for the safety others." (internal quotation marks and citation omitted)). Additionally, Defendant's undisputed involvement with the sale of the property, including his status as a signatory to a purchase agreement which expressly incorporates a sub-part describing his duties as a broker, including the duty of "[h]onesty and reasonable care," provides an additional basis for the existence of a duty. [RP 42-44] *See generally Adobe Masters, Inc. v. Downey*, 118 N.M. 547, 548, 883 P.2d 133, 134 (1994) ("When professional services arising from contract are substandard, a plaintiff may bring a cause of action for malpractice based on negligence or for breach of contract . . . [i]n either case, the standard of care is the same and is measured by the duty to apply the knowledge, care, and skill of reasonably well-qualified professionals practicing under similar circumstances.").

In his memorandum in opposition Defendant is silent with respect to the applicability of the general duty of care, **[MIO 2-5]** and he expressly acknowledges that the aforementioned document imposed duties of honesty and reasonable care.

3

**[MIO 4]** We therefore conclude that the award of summary judgment cannot be sustained on the theory that Defendant owed no duty.

At this juncture, Defendant appears to have shifted his focus to the element of breach. **[MIO 2-5]** As we observed in the notice of proposed summary disposition, however, the question of whether a defendant breached a duty owed to a plaintiff is generally a question of fact. *See Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 30, 134 N.M. 43, 73 P.3d 181 (explaining that whether the defendant took appropriate precautions was "a question concerning breach of a duty of ordinary care for the finder of fact"); *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 27, 142 N.M. 583, 168 P.3d 155 (observing that breach of duty is a question of fact for the jury); *Knapp v. Fraternal Order of Eagles*, 106 N.M. 11, 13, 738 P.2d 129, 132 (Ct. App. 1987) (observing that whether or not a defendant breached a duty is a question of the reasonableness of conduct, and thus a fact question). As such, the question of breach is rarely susceptible to summary resolution. *See, e.g., Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶¶ 21-22, 137 N.M. 64, 107 P.3d 504 (rejecting the respondent's arguments that it had acted reasonably and stating that questions of breach are not suitable for summary judgment because questions of fact are for the jury).

With respect to the question of breach, we understand Defendant to argue that there is no evidence that he had any involvement with the removal of the washer and dryer beyond communicating the buyers' desire that the appliances be removed. He asserts that such conduct could not be said to constitute a breach of any duty that he owed to Plaintiffs. **[MIO 2-5]** We disagree.

As we observed in the notice of proposed summary disposition, Plaintiffs presented circumstantial evidence in support of their position that Defendant was more intensely involved with the removal of the washer and dryer than Defendant has suggested. This evidence included a handwritten note on Defendant's letterhead providing a quote for the replacement cost of the appliances, and also reflecting the return of the keys from the company that undertook the remediation. **[RP 3]** Additionally, Plaintiffs submitted a copy of a check drawn from Defendant's account in the approximate amount previously quoted, which contains a notation suggesting that it was submitted in an effort to compensate the Bazzars for the washer and dryer. In light of the existence of this evidence, it would be improper to conclude, at this juncture in the proceedings, that Defendant's involvement with the removal of the washer and dryer was as limited as he claims. *See generally Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 23, 139 N.M. 12, 127 P.3d 548 ("Judges should not make

credibility determinations or weigh circumstantial evidence at the summary judgment stage."); *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 71, 133 N.M. 669, 68 P.3d 909 ("If there are disputed facts bearing upon the existence of the duty, . . . they are to be determined by the jury under appropriate instructions as to the existence of the duty." (internal quotation marks and citation omitted)).

Defendant takes issue with the probative value of the circumstantial evidence, contending that the check cannot be regarded as an admission of liability, and that the documents merely reflect his involvement with the clean-up. **[MIO 3]** However, these are not the only inferences that could reasonably be drawn. *See generally Handmaker v. Henney*, 1999-NMSC-043, ¶ 18, 128 N.M. 328, 992 P.2d 879 (observing that a reviewing court must view the facts in the light most favorable to the party opposing the motion for summary judgment, drawing all reasonable inferences in support of a trial on the merits). A fact finder could reasonably infer that the reason Defendant took it upon himself to provide quotes and otherwise assist with the remediation effort was because he had been involved with the removal of the appliances, thereby causing the damage. Accordingly, it would be improper to adopt Defendant's restrictive view of the circumstantial evidence in this case. *See generally Sarracino v. Martinez*, 117 N.M. 193, 194, 870 P.2d 155, 156 (Ct. App. 1994) ("Summary judgment is improper

when evidence is susceptible to reasonable conflicting inferences.").

In light of the foregoing, it is unnecessary to address Defendant's contention that mere communication of information could not be said to constitute a breach of any applicable duty of care. Although we understand that Defendant would like to receive an advisory ruling on the matter, **[MIO 3-4]** "because we cannot know what will transpire on remand, it would be premature for us to act on [Defendant's] request" for a ruling on this question. *Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶ 42, 138 N.M. 189, 118 P.3d 194.

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse and remand for further proceedings.

**IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**LINDA M. VANZI, Judge**

7

