This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LORI HENDERSON**,

    Plaintiff-Appellant,

v.                                           NO.   30,903

**PAUL and SUSAN VESCOVO**,

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Alexander A. Wold, P.C.
Alexander A. Wold, Jr.
Albuquerque, NM

for Appellant

Orraj, Anderson & Obrey-Espinoza
William R. Anderson
Las Cruces, NM

for Appellees

## MEMORANDUM OPINION

**VIGIL, Judge.**

Plaintiff appeals from an award of summary judgment to Defendants. We issued a notice of proposed summary disposition, proposing to reverse. Defendants

have filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse.

This is a premises liability case. Below, the district court awarded summary judgment to Defendants on grounds that they owed no duty to Plaintiff. However, as we described in the notice of proposed summary disposition, Defendants clearly owed a duty of ordinary care. *Ford v. Bd. of Cnty. Comm'rs*, 118 N.M. 134, 139, 879 P.2d 766, 771 (1994); *Knapp v. Fraternal Order of Eagles*, 106 N.M. 11, 13, 738 P.2d 129, 131 (Ct. App. 1987). This duty "includes acting reasonably to inspect the premises to discover possible dangerous conditions of which he does not know, and taking reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the property." *Williams v. Cent. Consol. Sch. Dist.*, 1998-NMCA-006, ¶ 10, 124 N.M. 488, 952 P.2d 978 (alteration omitted) (internal quotation marks and citation omitted); *see also* of *Gourdi v. Berkelo*, 1996-NMSC-076, ¶ 8, 122 N.M. 675, 930 P.2d 812 (recognizing that landlords are bound by the duty of ordinary care, "and must, prior to leasing the premises, remedy such dangerous conditions as an inspection conducted with ordinary care would reveal").

In their memorandum in opposition Defendants argue that because they lacked actual notice of facts indicating a need to inspect, they bore no duty to conduct a reasonable inspection. [MIO 4, 6-7] However, as we previously observed, the duty

to inspect is only limited in this fashion if the dangerous condition at issue arose or became discoverable *after* the landlord relinquished control over the premises to the tenant. *Gourdi*, 1996-NMSC-076, ¶¶ 7-8, 13-17.

We understand Defendants to contend that a fair reading of *Gourdi* does not support the foregoing generalization, insofar as the Court held that there was no duty to inspect "regardless of when the defect arose." *Id.* ¶ 8. [MIO 5] However, the quoted language merely reflects that, under the facts presented in that case, the extent of the landlord's responsibility was controlled by separate considerations.

Ultimately, in *Gourdi,* the Court upheld an award of summary judgment to the landowner because the parties agreed that the dangerous condition was latent, such that a reasonable inspection would not have revealed its presence prior to the commencement of the lease. *See id.* ¶¶ 12, 16-17. As we observed in the notice of proposed summary disposition, Plaintiff has not made a similar concession. To the contrary, Plaintiff has taken the position that a reasonable inspection would have revealed the dangerous condition at issue in this case. [RP 63-67] This is ultimately a question for the trier of fact to resolve. *Id.* ¶ 11.

We further understand Defendants to suggest that *Gourdi*, the Court's reference to the duty to remedy dangerous conditions "prior to leasing the premises" is somehow inconsistent with our reading of *Gourdi*. [MIO 5-6] However, the reference

4

to pre-leasing activities merely reflects that the ability of the landlord to identify and rectify dangerous conditions is dependent upon the extent of the landlord's control over the premises. *Id.* ¶¶ 15-17. In recognition of the tenant's right to the use and enjoyment of the premises, the Court held that a landlord has no continuing duty of inspection after commencement of the lease, unless the landlord has actual notice of facts indicating the need to make such an inspection. *Id.* ¶ 16. In this case, inspection of the premises after commencement of the lease is not at issue. As a result, the actual notice requirement is inapplicable.

Finally, Defendants suggest that in *Gourdi*, the Court's reference to out-of-state authority supports the proposition that the duty to inspect arises only when the landowner has actual notice of the possible or probable existence of a dangerous condition. [MIO 7] Once again, we disagree. In the out-of-state case, as in *Gourdi*, it was undisputed that a reasonable inspection would not have revealed the existence of the dangerous condition in question. *Id.* ¶¶ 9-12. As a result, the Court held that the landowner could not be charged with knowledge of the dangerous condition, and accordingly, as a matter of law the landlord could not be said to have breached the duty of care. *Id.* ¶¶ 10, 12. In this case, by contrast, the parties dispute whether a reasonable inspection would have revealed the existence of the allegedly dangerous condition. While Defendants contend that they did not know or have reason to know

of any defect, Plaintiff contends that a reasonable inspection would have revealed the allegedly dangerous condition.  [RP 63-67]  If the fact finder ultimately agrees with Plaintiff, then Defendants could be charged with knowledge, and accordingly, Defendants could be said to have breached the duty of care.  We therefore conclude that this case, unlike *Gourdi*, is not amenable to summary judgment.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we reverse and remand for further proceedings.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**